559 A.2d 76

COMMONWEALTH of Pennsylvania, Appellant,

v.

ONE (1) 1974 CHEVROLET BOX–TYPE TRUCK, WHITE IN COLOR, V.I.N. CGY354U118303, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

$380.00 CASH, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

$1,820.00 CASH, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 1989.

Decided May 18, 1989.

Letty A. Kress, Deputy Atty. Gen., Ernest D. Preate, Jr., Atty. Gen., Harrisburg, for appellant.

Joseph R. D'Andrea, Scranton, for appellees.

Before BARRY and COLINS (P.), JJ., and KALISH, Senior Judge.

COLINS, Judge.

This case involves three consolidated appeals taken by the Commonwealth from orders entered by the Monroe County Court of Common Pleas (trial court). Each appeal concerns a petition for forfeiture which was denied before the Commonwealth had the opportunity to present evidence. We reverse.

Appeal No. 13 C.D.1989 involves the seizure by the Pennsylvania State Police of one (1) white 1974 Chevrolet Box-type Truck, vehicle Identification No. CGY354U118303, which was seized pursuant to Section 28(a)(4) of The Controlled Substance, Drug, Device, and Cosmetic Act (Act).[1] On June 25, 1984, the State Police executed a search warrant on the defendant/property pursuant to a criminal investigation. As a result of that search, police located and seized from within the vehicle drug paraphernalia and various chemicals known to be used for manufacturing, com-

[1]. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–128(a)(4). Both Section 28 and Section 29, 35 P.S. § 780–129, have since been repealed by the Controlled Substances Forfeitures Act, 42 Pa.C.S. §§ 6801–6802. However, since the seizure was effectuated pursuant to the old Act, that is the law which will be applied in deciding this matter. *Commonwealth v. $15,836.85 Cash,* 354 Pa.Superior Ct. 279, 511 A.2d 871 (1986). Pursuant to Section 28(a)(4), "[a]ll ... vehicles, ... which are used or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in clause (1) or (2) ..." shall be subject to forfeiture to the Commonwealth.

pounding, processing, or producing methamphetamine, a Schedule II controlled substance. Based upon the property seized from the vehicle, it was determined that the vehicle was being used as, or used to transport, a clandestine portable methamphetamine laboratory. Accordingly, the Commonwealth instituted forfeiture proceedings against the vehicle.

The forfeiture petition was presented to the trial court on October 3, 1988, for a rule to show cause why the petition should not be granted. The trial court requested and received an amended petition on October 13, 1988, which indicated that no owner had been charged with a drug violation in connection with the search conducted on the vehicle.[2] However, instead of issuing the rule, the trial court entered an order denying the Commonwealth's petition for forfeiture without providing the Commonwealth the opportunity to present evidence. The trial court's order stated that the Commonwealth failed to show by a preponderance of the evidence a reasonable nexus between the defendant and any crime.

In appeal No. 14 C.D.1989, the State Police seized $380.00 in currency pursuant to Section 28(a)(6)(i) of the Act[3] following an undercover drug purchase on November 3, 1987, and another foiled attempt on February 16, 1988, by an agent of the Pennsylvania Office of the Attorney General, Bureau of Narcotics Investigations and Drug Control. At the time the owner of the defendant/property was arrested,

---

2. Conviction of a crime is not necessary to support forfeiture proceedings; the Commonwealth need only prove by a preponderance of the evidence that the vehicle was involved in the sale or transport of a controlled substance. *Commonwealth v. 1978 Toyota,* 321 Pa.Superior Ct. 549, 468 A.2d 1125 (1983).

3. 35 P.S. § 780–128(a)(6)(i). This section subjects to forfeiture "consideration" as follows:

(A) Money, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this act.

(B) Proceeds traceable to such an exchange.

(C) Money, negotiable instruments and securities used or intended to be used to facilitate any violation of this act.

(D) Real property, including things growing on, affixed to and found in the land.

the State Police found three ounces of cocaine on his person in addition to the $380.00 now in dispute.

The Commonwealth subsequently filed a petition to forfeit the currency on July 5, 1988, which contained the standard notice to plead within 30 days or suffer default judgment. The petition was served on the owner of the defendant/property at the Monroe County Jail on July 27, 1988. When the owner failed to answer the Commonwealth's complaint, the Commonwealth moved for an order of forfeiture in default on September 16, 1988. The trial court not only denied the Commonwealth a default judgment, but also entered an order denying the Commonwealth's petition for forfeiture before the Commonwealth had the opportunity to place evidence on the record. The court held that the Commonwealth failed to show by a preponderance of the evidence the existence of a reasonable nexus between the money and the crime.

Appeal No. 94 C.D.1989, involves $1,820.00 in currency which was seized from the owner's purse following the execution of a search warrant of the owner's house. As a result of the search, the State Police recovered one-quarter pound of marijuana in addition to the currency which, incidentally, contained two $20.00 dollar notes which the State Police had previously marked in an undercover purchase of drugs from the owner.

The Commonwealth filed a petition for the forfeiture of the currency pursuant to Section 29 of the Act on September 25, 1988. At the close of the criminal case involved with this seizure, the Commonwealth asked, by motion, for a hearing to determine the issue of forfeiture of the currency. However, not only was this motion denied, the trial court entered an order denying the Commonwealth's petition for forfeiture without a hearing, stating that the Commonwealth failed to show by a preponderance of the evidence a reasonable nexus between the money and any crime.

Accordingly, the Commonwealth now argues that the trial court erred when it denied the petitions for forfeiture

since, in each instance, the Commonwealth was not afforded an opportunity to prove its case before the trial court ruled on the petitions. We agree.

The procedure which must be followed in a forfeiture action is contained in Section 29 of the Act. Section 29(a) of the Act [4] lists the elements which a forfeiture petition must contain:

(1) A description of the property seized;

(2) A statement of the time and place where seized;

(3) The owner, if known;

(4) The person or persons in possession, if known;

(5) An allegation that the property is subject to forfeiture pursuant to Subsection (a) of Section 28 and averment of material facts upon which the forfeiture is based;

(6) A prayer for an order of forfeiture that the property be adjudged forfeited to the Commonwealth and condemned and be ordered sold according to law, unless cause be shown to the contrary.

Once the Commonwealth establishes the above elements, a hearing is held where the burden is upon the Commonwealth to establish by a preponderance of the evidence that the property in question was unlawfully used or possessed. *Commonwealth v. One 1985 Cadillac Seville*, 371 Pa.Superior Ct. 390, 538 A.2d 71 (1988). If the Commonwealth meets this burden, the burden then shifts to the claimant to show:

(1) That the claimant is the owner of the property ...;

(2) That the claimant lawfully acquired the property;

(3) That it was not unlawfully used or possessed by him;

(4) In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent.

35 P.S. § 780–129(e).

In all three of the cases presently pending before this Court, the Commonwealth submitted forfeiture petitions

4.  35 P.S. § 780–129(a).

which contained the requisite elements of Section 29(a) of the Act. Accordingly, a hearing should have been held at which the Commonwealth, as well as the owner of the property, would have been afforded an opportunity to present evidence. Only after the presentation of this evidence could a trial court properly dispose of the forfeiture petitions. Therefore, the orders of the trial court must be vacated and the records remanded so that hearings may be held in order that the Commonwealth may have an opportunity to present evidence that the property was illegally used or possessed and the claimants, likewise, given the opportunity to rebut that evidence.

Based on the foregoing discussion, the orders of the trial court entered at Nos. 13 C.D.1989, 14 C.D.1989, and 94 C.D.1989, are hereby vacated and the records remanded for proceedings consistent with this opinion.

### ORDER

AND NOW, this 18th day of May, 1989, the orders of the Court of Common Pleas of Monroe County are vacated and the records remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.