612 A.2d 614

COMMONWEALTH of Pennsylvania

v.

NINETEEN HUNDRED AND TWENTY DOLLARS UNITED STATES CURRENCY, Survival Knife, 1985 Honda Prelude, VIN JHMAB5223FC050729 Pager, Amplifier–Speaker, Foot-switches, Guitar, Drug Paraphernalia and Marijuana.

Appeal of Baron JASPER, Sherri Jasper, and Kevin Boll.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 27, 1992.

Decided June 30, 1992.

Sherri Jasper, Baron Jasper and Kevin Boll, appellants, pro se.

Jacquelyn C. Paradis, Deputy Dist. Atty., and Paul C. Lawrence, Asst. Dist. Atty., for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

Baron Jasper, Sherri Jasper and Kevin Boll appeal from the forfeiture order of the Court of Common Pleas of Lehigh County entered pursuant to the Controlled Substances Forfeiture Act (Forfeiture Act), June 30, 1988, P.L. 464, 42 Pa.C.S. §§ 6801–6802.

At approximately 1:30 a.m. on April 19, 1989, Officer Artim of the Whitehall Township Police Department attempted to stop a 1985 Honda Prelude for a possible DUI violation.[1] Although Officer Artim activated the cruiser's overhead lights and siren, the vehicle failed to stop and a chase ensued. Shortly thereafter, a second police cruiser driven by Officer Busch joined the pursuit. During the eight mile chase through Allentown at speeds up to 100 m.p.h., the driver failed to observe traffic signals and disregarded a roadblock. The passenger continuously turned to look at the pursuing vehicles and Officer Busch twice observed her throwing objects out the window. The chase ended when the driver attempted to pass two trucks stopped at a red light and lost control of the vehicle. The police placed the driver, Kevin Boll, under arrest.[2] They identified the passenger, Sherri Jasper, as the owner of the vehicle.[3]

The officers conducted an inventory search of the vehicle and found 13 marijuana seeds on the front passenger seat; 10 empty cough drop boxes behind the driver's seat; a packet of "Zig Zag" rolling papers in the glove compartment; a pager on the driver's visor; a wallet containing $1920 in $20, $50 and $100 denominations, but no identification, stuffed between the driver's seat and the center console; and a knife, a guitar, and

---

1. The vehicle had only one front headlight blazing, crossed the center line, and was driven at five miles under the posted speed limit.

2. Subsequently, both Kevin Boll and Sherri Jasper were charged with Possession of Marijuana and Rolling Papers. The charges were later dropped. However, no underlying conviction of a crime is required to support the forfeiture of a person's property. *Commonwealth v. One 1974 Chevrolet Box–Type Truck*, 126 Pa.Commonwealth Ct. 173, 559 A.2d 76 (1989); *Commonwealth v. 502–504 Gordon St.*, 147 Pa.Commonwealth Ct. 330, 607 A.2d 839 (1992).

3. Appellant Baron Jasper, father of Sherri Jasper, holds a lien on the vehicle.

an amplifier-speaker in the trunk. During a narcotics "sniff" search conducted by Pennsylvania State Police Corporal McCreary, a canine detected the scent of drugs in the glove compartment, in the trunk, and on the money.[4] Nothing was found during a search of the area where the passenger was believed to have thrown things from the car.

On June 1, 1989, the appellants filed a Petition to Return Property. On August 7, 1989, the Commonwealth filed a Petition for Forfeiture and Condemnation. At the August 2, 1990, hearing on the consolidated petitions before the trial court, the Commonwealth presented the testimony of Officers Artim, Busch, and Oswald of the Whitehall Township Police Department, Corporal McCreary of the Pennsylvania State Police, and Sergeant Combs of the Allentown Police Vice Squad. The appellants also testified.

On October 17, 1990, the trial court issued an order for forfeiture. The appellants appealed to the Superior Court and the Commonwealth filed motions to quash and to transfer jurisdiction to this Court. By order dated July 31, 1991, the case was transferred[5] and the motion to quash the appeal was denied as moot.

The issues raised on appeal are (1) whether the appellants' due process rights were denied,[6] (2) whether the Commonwealth met its burden of proving by a preponderance of the evidence that the seized property was used or intended to be

**4.** At the direction of Corporal McCreary, Officer Oswald placed the money in a new envelope and hid it in a parking lot containing a fleet of yellow vehicles. Officer McCreary, who did not know the location of the money, released the canine which seconds later detected the narcotics scent from a distance of approximately fifty feet and pulled the money from its concealed location in the bumper channel of a vehicle. Because of the aggressive alert reaction, Corporal McCreary had to quickly retrieve the envelope before the canine destroyed it in its attempt to reach the source of the odor. Notes of Testimony at 67–68.

**5.** *See also Commonwealth v. 502–504 Gordon St.,* 405 Pa.Superior Ct. 465, 592 A.2d 756 (1991), *transferred,* 147 Pa.Commonwealth Ct. 330, 607 A.2d 839 (1992).

**6.** Because the issue was raised in the hearing before the trial court and in the appellants' pro se brief to this Court, we reject the Commonwealth's assertion that this issue was waived because not raised in the appellants' notice of appeal.

used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act),[7] and (3) whether Baron Jasper established that he was a statutory lienholder.[8]

## I. DUE PROCESS OF LAW

Appellants argue that they were deprived of due process of law because the search was conducted without a warrant or articulated probable cause and because the forfeiture petition was not filed "forthwith." We disagree. While the trial court opined that the illegality of a search and seizure is irrelevant to forfeiture, we look to the Forfeiture Act which provides that property subject to forfeiture may be seized without process if the search is incident to arrest or if there is probable cause to believe that the property has been used, or is intended to be used, in violation of the Controlled Substance Act. 42 Pa.C.S. § 6801(b)(1), (4). The police conducted an inventory search of the vehicle incident to the appellants' arrest and the appellants' flight and attendant conduct support a finding of probable cause.

The appellants also argue that the filing of the Petition for Forfeiture four months after seizure of the property violated the Forfeiture Act which requires proceedings to begin "forthwith" when seizure occurs without process. *Id.* § 6801(c). However, "compliance within a reasonable time is sufficient [and] [a]bsent a showing of prejudice, the mere passage of time ... is not sufficient justification to set aside an action...." *Commonwealth v. One 1976 Oldsmobile Cutlass Supreme,* 85 Pa.Commonwealth Ct. 433, 435, 482 A.2d 686, 687 (1984) (citations omitted); *see also Matter of Kulbitsky,* 112 Pa.Commonwealth Ct. 477, 536 A.2d 458, *appeal denied,* 520 Pa. 609, 553 A.2d 971 (1988). We find that the

---

7. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101 to – 144.

8. The appellants also raise the issue of compensation for an unlawful deprivation of their property. However, an issue not raised below cannot be raised for the first time on appeal. *Dep't of Environmental Resources v. Rushton Mining Co.,* 139 Pa.Commonwealth Ct. 648, 591 A.2d 1168, *appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991).

four month interval was reasonable and that the appellants failed to make the requisite showing of prejudice.

## II. FORFEITURE

Property subject to forfeiture includes controlled substances, drug paraphernalia, equipment, conveyances and money. 42 Pa.C.S. § 6801(a). The use of property, otherwise lawful to possess and use, in violation of the Controlled Substance Act subjects it to seizure and forfeiture. *Commonwealth v. One 1988 Ford Coupe,* 393 Pa.Superior Ct. 320, 574 A.2d 631 (1990), *appeal denied,* 527 Pa. 631, 592 A.2d 1299 (1991). In a forfeiture proceeding, the Commonwealth bears the initial burden of proof which it must satisfy by a preponderance of the evidence. 42 Pa.C.S. § 6802(j); *Commonwealth v. One 1988 Suzuki Samurai,* 139 Pa.Commonwealth Ct. 68, 589 A.2d 770 (1991). To sustain its burden of proof, the Commonwealth must establish a nexus between unlawful activity and the property subject to forfeiture. 42 Pa.C.S. § 6802(j); *In re King Properties,* 145 Pa.Commonwealth Ct. 139, 602 A.2d 486 (1992). Where the Commonwealth sustains its burden, the burden of production shifts to the property owner to disprove the Commonwealth's evidence or establish a statutory defense to avoid forfeiture. *Commonwealth v. One 1974 Chevrolet Box–Type Truck,* 126 Pa.Commonwealth Ct. 173, 559 A.2d 76 (1989). The appellants argue that the Commonwealth failed to meet its burden of proof with regard to each captioned item.[9]

## CONTROLLED SUBSTANCES

Section 780–102 of the Controlled Substance Act defines "controlled substance" to include marijuana, 35 Pa. §§ 780–102, 780–104(1)(iv), and defines "marijuana" to include "the seeds thereof ... but shall not include ... the sterilized seed of such plant which is incapable of germination." *Id.*

9. The appellants' request in their appellate brief for the return of a microphone, car telephone, and leather gloves has no support in the record.

§ 780–102.[10] Based on the trial court's finding that the Commonwealth offered no evidence that the seeds were capable of germination, op. at 6, we conclude that the Commonwealth failed to meet its burden of proving that the marijuana seeds were a controlled substance.

## DRUG PARAPHERNALIA

■ The Forfeiture Act permits forfeiture of drug paraphernalia "distributed, dispensed or acquired" in violation of the Controlled Substance Act. 42 Pa.C.S. § 6801(a)(1). Drug paraphernalia is defined to include any materials used or intended for use, among other purposes, to contain or inhale controlled substances. 35 P.S. § 780–102(a). In determining whether an otherwise lawful object is drug paraphernalia, a court should, among other factors, consider the existence and scope of legitimate uses for the object, expert testimony concerning its uses, the owner's statements concerning its use, an owner's prior drug-related convictions, and the proximity of the object to controlled substances or their residue. *Id.*

■ The trial court properly concluded that the rolling papers and cough drop boxes were drug paraphernalia. In making its determination, it noted the presence of marijuana seeds in the vehicle and relied on the expert testimony of Sergeant Combs who opined that rolling papers are used to smoke marijuana and that cough drop boxes are used to conceal drugs. Notes of Testimony at 77–78. The trial court specifically rejected Sherri Jasper's explanation that the rolling papers were used for cigarettes because no loose tobacco was found in the vehicle. Op. at 5. Additionally, although the court did not cite it here, the record included reference to Sherri Jasper's prior drug-related conviction. The appellants

10. While we recognize the principle that it is incumbent on one who relies on an exception to establish that he lies within its scope, *Commonwealth v. Bigelow*, 484 Pa. 476, 399 A.2d 392 (1979), we find it inapplicable here because the clause beginning "but shall not include" is material to the definition of marijuana. *See Salazar v. People*, 153 Colo. 93, 384 P.2d 725 (1963); *compare Bigelow.*

offered no explanation for the ten empty cough drop boxes.[11]

## EQUIPMENT

■■ The Forfeiture Act permits forfeiture of equipment used, or intended for use, in delivering controlled substances. 42 Pa.C.S. § 6801(a)(2). The trial court found that Sergeant Combs' testimony that pagers are used to conduct drug transactions satisfied the Commonwealth's burden of proof and rejected the appellants' testimony that the pager was used by Boll in the conduct of his business because of evidence indicating its sporadic nature. Op. at 7. The court did not comment on the appellants' testimony that the pager was also used by Boll to communicate with his children. Although the trial court did not have the benefit of the statutory factors which informed its determination of drug paraphernalia, such considerations are equally relevant here and, coupled with the expert's testimony regarding unlawful use of a pager, are sufficient evidence on which to conclude that the pager was forfeitable.

## MONEY

■■ The Forfeiture Act permits forfeiture of money exchanged for drugs or used, or intended for use, to facilitate a violation of the Controlled Substance Act.[12] 42 Pa.C.S. § 6801(a)(6)(i)(A), (B). In making its determination, the trial court applied the rebuttable presumption that money found in close proximity to controlled substances is proceeds derived from drug transactions. *Id.* § 6801(a)(6)(ii). Because the Commonwealth failed to establish that the thirteen marijuana seeds were "controlled substances", the statutory presumption

11. The appellants' assertions in their brief that the cough drop boxes were for the craft-making activities of Boll's children has no support in the record.

12. We reject appellants' argument that the statutory exception precluding forfeiture of conveyances based on personal amounts of marijuana should be extended by analogy to money. The omission of a given provision from a section of a statute signifies a different intention than existed in sections of the statute which include the provision. *Bigelow; Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa.Commonwealth Ct. 529, 478 A.2d 146 (1984).

is inapplicable and the Commonwealth bore the burden of proving by a preponderance of evidence that the money was derived from an illegal drug transaction. *Commonwealth v. $15,836.85,* 354 Pa.Superior Ct. 279, 511 A.2d 871 (1986).

The trial court also based forfeiture of the money on the appellants' conduct, the presence of drug paraphernalia, and the sniff search verification of traces of narcotics. It specifically rejected the appellants' contention that the money represented the combined proceeds of Kevin Boll's business and the balance of an insurance settlement check received by Sherri Jasper five to six months earlier because of inconsistencies in their statements to the officers regarding the ownership and source of the money, the amount and denominations of the money, and the time of day and alleged purpose of the appellants' trip. Op. at 12. These factors support the trial court's conclusion that the money was forfeitable.

## CONVEYANCE

■■ The Forfeiture Act provides for the forfeiture of [a]ll conveyances . . . which are used or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of [controlled substances, drug paraphernalia and equipment]. . . .

42 Pa.C.S. § 6801(a)(4). Although forfeiture of a vehicle does not require that controlled substances actually be found within it, *Commonwealth v. One 1979 Lincoln Four Door Sedan,* 344 Pa.Superior Ct. 171, 496 A.2d 397 (1985), *appeal denied,* 513 Pa. 634, 520 A.2d 1384 (1987), in interpreting "facilitate" this Court has established that the Commonwealth must show a sufficient or substantial nexus between the property and the prohibited activity. *Commonwealth v. 502–504 Gordon St.,* 147 Pa.Commonwealth Ct. 330, 607 A.2d 839 (1992).

■■ The trial court concluded that the vehicle was a conveyance, relying not on the presence of marijuana seeds,[13]

13. Section 6801(a)(4)(iv) of the Forfeiture Act provides that "no conveyance shall be forfeited . . . for [a] violation of section 13(a)(31) of The Controlled Substance, Drug, Device and Cosmetic Act." 42 Pa.C.S. § 6801(a)(4)(iii). Section 13(a)(31) excepts possession of marijuana for

but on the physical evidence of drug paraphernalia (cough drop boxes and rolling papers) and equipment (pager), the appellants' conduct, the sniff search verification of traces of narcotics in the vehicle, the appellants' conflicting statements regarding the source of almost $2000, and Sherri Jasper's prior familiarity with illegal drug activity. *See also United States v. 1988 BMW,* 716 F.Supp. 171 (E.D.Pa.1989). The court found all of the appellants' explanations not credible, op. at 9, including Sherri Jasper's proffered justification that they fled for the purpose of reaching a state police facility where personnel would verify that Boll's driver's license was "in the mail." Notes of Testimony at 109, 142–143.

 The appellants further argue that Baron Jasper's lien on the vehicle precludes its forfeiture.[14] Section 6801(a)(4)(iii) of the Forfeiture Act expressly prohibits forfeiture of a conveyance under the following circumstance:

[N]o bona fide security interest retained or acquired under 13 Pa.C.S. (relating to commercial code) by any merchant dealing in new or used ... vehicles ... or retained or acquired by any licensed or regulated finance company, bank or lending institution, or by any other business regularly engaged in the financing of, or lending on the security of, such ... vehicles ... shall be subject to forfeiture or impairment....

42 Pa.C.S. § 6801(a)(4)(iii). Because he is not a merchant, a financing institution, or a business regularly engaged in financing vehicles, the trial court correctly concluded that Baron Jasper did not satisfy the statutory lienholder exception.[15]

---

personal use in an amount not exceeding 30 grams. 35 Pa. § 780–113(a)(31).

**14.** Federal caselaw cited by appellants for support is inapposite as it involves credit companies embraced by the lienholder provisions of Section 6801(a)(4)(iii) of the state Forfeiture Act.

**15.** Nor can Baron Jasper avail himself of the "innocent owner" exception set forth in Section 6802(j) of the Forfeiture Act, 42 Pa.C.S.A. § 6802(j), which requires that "an owner must have a possessory interest in the property with attendant characteristics of dominion and control." *One 1988 Suzuki Samurai,* 139 Pa.Commonwealth Ct. at 72, 589 A.2d at 773. Although Baron Jasper testified that he purchased the car in 1985 and had since been financially responsible for all insurance

## KNIFE, AMPLIFIER–SPEAKER, FOOTSWITCHES, GUITAR

█ The trial court concluded that the knife, amplifier-speaker, footswitches and guitar were forfeitable because the appellants did not request their return. Op. at 12. However, although the Petition to Return Property referenced only the money and the vehicle, the appellants requested the return of all the captioned property in their Answer and Request for New Matter and made supporting arguments in both their memorandum of law to the trial court and brief to this Court. Because the Commonwealth offered no supporting evidence or argument on these items, we conclude that the trial court erred in ordering forfeiture of this property.

Accordingly, we affirm the forfeiture of the drug paraphernalia, pager, money and vehicle, but reverse the forfeiture and grant the return of the knife, amplifier-speaker, footswitches and guitar.

## ORDER

AND NOW, this the 30th day of June, 1992, the order of the Court of Common Pleas of Lehigh County is hereby affirmed with respect to the drug paraphernalia, pager, $1920, and the 1985 Honda Prelude. The order is reversed with respect to the survival knife, amplifier-speaker, footswitches and guitar and the return of this property is granted.

and repairs, he also testified that he acquired it for his daughter's use. There is no dispute that the vehicle was titled in her name and was at all times in her exclusive possession and control.