**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**$26,556.00 SEIZED FROM Christopher POLIDORO.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**$1,638.00 SEIZED FROM William POLIDORO.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1996.
Decided Feb. 29, 1996.

Norman Gross, Assistant District Attorney, for Appellant.

Gilbert J. Scutti, for Appellee Christopher Polidoro and Rose Marie DeFino, for Appellee William Polidoro.

Before PELLEGRINI and FLAHERTY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania (Commonwealth) appeals from the orders of the Court of Common Pleas of Philadelphia County (trial court) denying its petitions for the forfeiture of certain property seized from Christopher and William Polidoro, and granted the petitions for return of property filed by Christopher and William Polidoro.

Christopher Polidoro operates the "On the Corner" Variety Store and Coffee Shop in Philadelphia.[1] Christopher resides in an apartment in the same building, but that apartment has a separate entrance and address. After the Philadelphia police learned that the store was used for the sale of drugs, they applied for and obtained a warrant. The warrant indicated that the premises to be searched were the "On the Corner" Variety Store and Coffee Shop located at 1336 S. 8th Street in the city and county of Philadelphia, Pennsylvania. It stated the persons to be searched were Chris Polidoro and Joey Polidoro.[2]

On April 1, 1992, the warrant was executed. During the search of the "On the Corner" store, police conducted a pat down of persons in the store, including William Polidoro, Jr., the brother of Christopher and Joey Polidoro. Upon patting down William Polidoro, Jr., police felt a small packet in one of his pockets. Believing that packet to be drugs (and believing that their warrant gave them the right to search William Polidoro, Jr.), police seized a ziplock bag which contained a small amount of cocaine and from the other pocket seized $1,638.00 cash. Police seized $1,751.00 cash from the person of Christopher Polidoro, and $405.00 cash from the store's cash register.

1. The "On the Corner" Variety Store and Coffee Shop is located in a building owned by William Polidoro, Sr., the father of Christopher Polidoro. Although Christopher Polidoro now runs the business, some of the bills remain in William, Sr.'s name.

2. The affidavit attached to the application for that warrant requested a daytime search of the "On the Corner" Variety Store and Coffee Shop, and "any access it has to other parts of the property 1336 S. 8th St."

The police also conducted a search of the basement of the store during which they found and confiscated the following:

- a baggie containing 12 grams of cocaine
- a triple beam scale
- a grinder with cocaine residue
- a playing card with cocaine residue
- three bottles of Inositol (a cocaine cutting agent)
- a stirring spoon
- plastic pipes with rice
- empty plastic baggies

Police then entered the upstairs apartment of Christopher Polidoro and his wife, where they seized $18,800.00 cash from a bedroom closet and $5,600.00 from the bedroom dresser drawer. Also confiscated from the upstairs apartment was some "tally work" allegedly indicating drug sales, a baggie containing approximately eight grams of marijuana, a loaded .25 caliber pistol and a loaded 12 gauge shotgun.

As a result of the search, police arrested both William and Christopher Polidoro and, following a preliminary hearing, both were held for court on charges of knowing or intentional possession of a controlled substance with the intent to manufacture or deliver, criminal conspiracy, and possession of drug paraphernalia. Pursuant to those criminal charges, Christopher and William (individually) filed motions to suppress. The criminal court suppressed the items seized from William Polidoro because he was not named in the search warrant and because the search of his person exceeded a pat down search for weapons which is permissible without a warrant. That court also suppressed all of the items seized from the

second floor apartment of Christopher Polidoro because the apartment had a separate address and entrance than that of the premises specifically named in the warrant. Following a non-jury trial, Christopher Polidoro was found not guilty of the drug charges brought against him. The Commonwealth nol prossed all charges against William Polidoro.

The Commonwealth filed motions for forfeiture of the cash and weapons seized from the Polidoros pursuant to the Controlled Substances Forfeiture Act (Act), 42 Pa.C.S. §§ 6801–6802.[3] Christopher and William Polidoro filed petitions for the return of that property. Though filed individually, the forfeiture and return of property motions were consolidated for disposition before the trial court. After oral arguments concerning the Commonwealth's ability to proceed with the forfeiture actions in light of the suppression orders that had been previously entered in the criminal proceedings, the trial court held that because a court of equal jurisdiction had suppressed the evidence at issue in the forfeiture proceeding, it was bound by that suppression order. Reasoning that but for the illegal searches conducted, the cash, weapons and marijuana would not have been discovered, the trial court held that their existence could not have been proven independently by other means and denied the Commonwealth's petitions for forfeiture and granted the petitions for return of property of the Polidoros.[4]

▪ The Forfeiture Act permits the forfeiture of money exchanged for drugs or used or intended to be used to facilitate any violation of the Controlled Substance, Drug, Device and Cosmetic Act.[5] 42 Pa.C.S. § 6801(a)(6)(i)(A),(B); *Commonwealth v.*

---

3. 42 Pa.C.S. § 6801(a)(6) provides in pertinent part that "money, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance is in violation of The Controlled Substance, Drug, Device and Cosmetic Act, and all proceeds traceable to such an exchange," and "money, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of The Controlled Substances, Drug, Device and Cosmetic Act" are subject to forfeiture to the Commonwealth and no property right shall exist in them.

4. William Polidoro's petition for the return of the $1,638.00 was granted. Christopher Polidoro's petition for the return of the money and guns found only in his upstairs apartment was granted. The disposition of the money found on his person and in the store's cash register was continued and is not at issue on appeal.

5. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101—780–144.

*Nineteen Hundred and Twenty Dollars United States Currency,* 149 Pa.Cmwlth. 132, 612 A.2d 614 (1992). In a forfeiture proceeding, the Commonwealth has the burden to establish by a preponderance of the evidence that a nexus between the property subject to forfeiture and an unlawful activity exists. 42 Pa.C.S. § 6802(j); *In re King Properties,* 145 Pa.Cmwlth. 139, 602 A.2d 486 (1992), *petition for allowance of appeal granted,* 533 Pa. 620, 619 A.2d 701 (1993), *aff'd,* 535 Pa. 321, 635 A.2d 128 (1993); *Commonwealth v. One 1988 Suzuki Samurai,* 139 Pa.Cmwlth. 68, 589 A.2d 770 (1991). Once the Commonwealth has sustained its burden of establishing such nexus, the burden of production then shifts to the owner of the property to disprove the Commonwealth's case or establish a statutory defense to avoid forfeiture. *Commonwealth v. One 1974 Chevrolet Box–Type Truck,* 126 Pa.Cmwlth. 173, 559 A.2d 76 (1989).

■ There is no debate that the exclusionary rule of the Fourth Amendment of the United States Constitution as applied to the states by the Fourteenth Amendment is applicable to forfeiture cases. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); *United States of America v. 1988 BMW 750IL,* 716 F.Supp. 171 (E.D.Pa.1989), *aff'd,* 891 F.2d 281 (3d Cir.Pa.1989). However, the Commonwealth correctly asserts that even where there has been an unconstitutional seizure, the res is the actual defendant and its existence itself cannot be suppressed. *INS v. Lopez–Mendoza,* 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). The res is, thus, admissible, not into evidence, but only to establish its existence and the court's jurisdiction over it. *United States v. $639,-558.00 United States Currency,* 955 F.2d 712 (D.C.Cir.1992). Only where the government has independent, unsuppressed evidence that the res is contraband is it entitled to proceed

on the merits in a forfeiture case. *United States v. An Article of Device "Theramatic",* 715 F.2d 1339 (9th Cir., 1983), *petition for writ of certiorari denied,* 465 U.S. 1025, 104 S.Ct. 1281, 79 L.Ed.2d 685 (1984).

■ Because the money and weapons cannot constitute contraband per se, i.e., property which is itself illegal, the Commonwealth was required to show that they constituted derivative contraband.[6] In the absence of evidence that the money and weapons were used to further criminal activity, the Commonwealth cannot prevail in its petition to forfeit those items as derivative contraband. *Commonwealth v. Anthony,* 418 Pa.Superior Ct. 82, 613 A.2d 581 (1992). In order then to meet its initial burden, the Commonwealth was required to prove by a preponderance of the evidence that the money and weapons seized from the apartment of Christopher Polidoro and the money seized from the person of William Polidoro were connected to the allegedly unlawful drug activities being conducted in the basement of the building.

■ The Commonwealth contends that the trial court improperly held that no independent evidence existed by which it could sustain its burden.[7] The Commonwealth argues that the unsuppressed evidence found in the store's basement constitutes independent evidence by which it can prove that the money and weapons at issue in the forfeiture case were related to illegal activity. If the money and weapons were found in close proximity to unlawfully possessed controlled substances, there is a rebuttable presumption that such money constitutes proceeds from the sale of a controlled substance, thereby subjecting it to forfeiture under the Act. *Commonwealth v. $16,208.38 United States Currency,* 160 Pa.Cmwlth. 440, 635 A.2d 233 (1993), *petition for allowance of appeal denied,* 538 Pa. 634,

---

**6.** Derivative contraband is property that is, of itself, amenable to legal use, but has been used in the perpetration of an unlawful act or for unlawful purposes. *Commonwealth v. One 1985 Cadillac Seville,* 371 Pa.Superior Ct. 390, 538 A.2d 71 (1988).

**7.** Initially, the Commonwealth seems to suggest that the trial court suppressed evidence of the

res—the money and the weapons. Contrary to the Commonwealth's contention, the trial court acknowledged that the money and weapons existed and that it had jurisdiction over their disposition. Because the contraband *per se* was suppressed, no evidence existed that made it derivative contraband.

647 A.2d 509 (1994). *See Commonwealth v. Giffin,* 407 Pa.Superior Ct. 15, 595 A.2d 101 (1991). However, the cash and weapons in the apartment and the cash in the pocket of William Polidoro have an insufficient nexus with the basement of the building to create that presumption.

As to the money and weapons seized from Christopher Polidoro, they are not sufficiently connected to the drugs and drug paraphernalia seized from the basement of the store for the same reason that the warrant for the store did not extend to that apartment. Although in the same building as the "On the Corner" store and its basement, Christopher Polidoro's apartment where the money and weapons were found had a separate address and a separate entrance from the store. Just as the suppression order deemed the apartment to be an entity separate from the store, the money found in the apartment is not connected to and cannot be deemed to have been discovered in close proximity to the controlled substances found in the basement. As to William Polidoro, the drugs found in the basement of a building in which he was located were not in such close proximity or sufficiently connected to the cash found in his pants pocket so as to constitute proof that such cash was drug proceeds. Without the availability of the suppressed evidence—the drugs found in the pocket of William Polidoro and in the apartment of Christopher Polidoro—the Commonwealth cannot establish a sufficient nexus between the property at issue in the forfeiture proceeding and any controlled substances.

The Commonwealth also argues that a nexus was established because the Polidoros' petitions for return of property constitute independent evidence because they are admissions of material facts pertinent to the forfeiture to which the Polidoros are bound. While the petitions do refer to the property at issue and state that the property was seized by police, they further allege that the property was in no way connected to or related to any illegal activities. In any event, even if they had referred to the suppressed evidence, because the exclusionary rule applies, the evidence suppressed cannot be used in any way in subsequent forfeiture proceedings.[8] Accordingly, the Polidoros' petitions for the return of property contain no competent evidence that the money/weapons are subject to forfeiture.

Because there was no substantial and competent evidence establishing a nexus between the seized property and illegal activity, the orders of the trial court are affirmed.

### ORDER

AND NOW, this 29th day of February, 1996, the orders of the Philadelphia Court of Common Pleas, Nos. 92–993051 and 92–008737, are affirmed.

---

8. The Commonwealth also contends that had it been given the opportunity for discovery and a hearing, it would have been able to obtain evidence that the res constituted derivative contraband. It seems to suggest that it could ask if the suppressed contraband was on the premises, and if the Polidoros would not answer, that would have an adverse inference in their favor, thereby sustaining their burden. While clever and imaginative, it would make the plethora of federal cases holding that the Fourth Amendment applies to forfeiture cases meaningless. In a similar vein, the Commonwealth's contention that William's failure to answer and Christopher's failure to timely answer its forfeiture petitions admit the legal conclusion that the property was used in violation of the Controlled Substances, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101—780–144. Under any rule of pleading, a conclusion of law is not an admission; only unanswered assertions of fact are considered so. *Dale Mfg. Co. v. Workmen's Compensation Appeal Board,* 34 Pa.Cmwlth. 31, 382 A.2d 1256 (Pa. Cmwlth.1978), *aff'd,* 491 Pa. 493, 421 A.2d 653.