## Commonwealth v. $5,219 in Cash

C.P. of Schuylkill County, no. Misc. 183-1995.

*Claude A.L. Shields, district attorney,* for the Commonwealth.
*Philip D. Lauer,* for defendant.

DOMALAKES, *J.,* May 8, 1996—There are two matters before the court. First, Bruce Houser has filed a petition for return of property pursuant to Pa.R.Crim.P. 324. The Commonwealth has filed a forfeiture petition pursuant to 42 Pa.C.S. §6801(a)(6)(i)(A)(B). The "res" or property in question is $5,219 in cash seized by police from the apartment of Bruce Houser on September 23, 1993. The parties agreed to have the matters heard non-jury.

The non-jury trial was held on April 17, 1996. Prior to trial, the parties stipulated that Bruce Houser was the lawful owner of the $5,219 that was seized from his dwelling place, that a small quantity of marijuana was also discovered in his dwelling place on the date

that the cash was seized, and that Bruce Houser was convicted of possession of a small amount of marijuana and possession with intent to use drug paraphernalia on March 8, 1995. He was sentenced to a year probation, fine and costs pursuant to his plea.

At trial the Commonwealth presented the testimony of George Woodward, investigator with the Tamaqua Borough Police Department, Kathy Lynn Cymes, girlfriend of Bruce Houser, and Ronald Paret, a 14 year veteran of the Pennsylvania Attorney General's Drug Interdiction Unit.

The testimony revealed that Mr. Houser had granted his consent to search his Tamaqua apartment via a signed telephone fax sent to him in Walnutport, Pennsylvania on September 23, 1993. The search of his premises revealed two prescription bottles which contained marijuana roaches totaling 12.89 grams of marijuana; one bottle contained .39 grams and the second bottle contained 12.5 grams of marijuana. Also found was a small "postage" scale, Bugler cigarette papers and a number of zip-loc plastic bags. A plastic pipe was also discovered in the apartment. The pipe contained a residue of marijuana. One of the bottles containing the marijuana roaches was found in the apartment kitchen in a cabinet above the sink. The second bottle was found in another kitchen cabinet, as was the marijuana pipe. The plastic bags were also found in a kitchen cabinet. The sum of $4,904 was found in a wallet in the freezer section of a refrigerator located in the apartment kitchen. Additional cash totaling $315 was discovered in a metal box in a bedroom of the apartment. The postage scale was found on top of the refrigerator. No drugs or drug paraphernalia were found in the freezer or the metal box where the cash was located.

The testimony of Ms. Cymes established that she was Mr. Houser's girlfriend and had observed him smoking marijuana in his apartment on several occasions. She also admitted joining him in that activity on weekends. She testified that she never saw anyone else at Houser's apartment.

Agent Paret qualified as an expert narcotics investigator. On September 23, 1993, he was investigating narcotics activity at a bus stop in Walnutport, Pennsylvania when he seized certain duffel bags being carried by Mr. Houser as Houser was returning by bus from Philadelphia to Tamaqua. A search of the duffel bags revealed 824 grams of marijuana, consisting of approximately 29 ounces of the substance. The products of this search were suppressed as unlawful by the Honorable James C. Hogan, of the Court of Common Pleas of Northampton County, after a suppression hearing. Agent Paret testified that in his expert opinion, Houser intended to deliver the marijuana he was bringing to Tamaqua from Philadelphia because of its quantity, value and manner of transportation. However, he admitted that the marijuana seized from Houser in Walnutport was not individually packaged and that the quantity of it could be consistent with personal use.

The Forfeiture Act permits the forfeiture of money exchanged for drugs or used or intended to be used to facilitate any violation of the Controlled Substance, Drug, Device and Cosmetic Act. 42 Pa.C.S. §6801 (a)(6)(i)(A)(B); *Commonwealth v. Nineteen Hundred and Twenty Dollars United States Currency,* 149 Pa. Commw. 132, 612 A.2d 614 (1992). In a forfeiture proceeding, the Commonwealth has the burden to establish by a preponderance of the evidence that a nexus between the property subject to forfeiture and unlawful

activity exists. 42 Pa.C.S. §6802(j); *In re King Properties,* 145 Pa. Commw. 139, 602 A.2d 486 (1992), *petition for allowance of appeal granted,* 533 Pa. 620, 619 A.2d 701 (1993), *affirmed,* 535 Pa. 321, 635 A.2d 128 (1993). Once the Commonwealth has sustained its burden of establishing such nexus, the burden of proof then shifts to the owner of the property to disprove the Commonwealth's case or establish a statutory defense to avoid forfeiture. *Commonwealth v. One 1974 Chevrolet Box-Type Truck,* 126 Pa. Commw. 173, 559 A.2d 76 (1989).

There is no debate that the exclusionary rule of the Fourth Amendment of the United States Constitution as applied to the states by the Fourteenth Amendment is applicable to forfeiture cases. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); *United States of America v. 1988 BMW 750IL,* 716 F. Supp. 171 (E.D. Pa. 1989), *affirmed,* 891 F.2d 284 (3d Cir. 1989). However, the Commonwealth correctly asserts that even where there has been an unconstitutional seizure, the "res" is the actual defendant and its existence itself cannot be suppressed. *INS v. Lopez-Mendoza,* 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). The res is, thus, admissible, not into evidence, but only to establish its existence and the court's jurisdiction over it. *United States v. $639,558.00 United States Currency,* 955 F.2d 712 (DC Cir. 1992). Only where the government has independent, unsuppressed evidence that the res is contraband is it entitled to proceed on the merits in a forfeiture case. *United States v. An Article of Device "Thermatic,"* 715 F.2d 1339 (9th Cir. 1993), *petition for writ of certiorari denied,* 465 U.S. 1025, 104 S.Ct. 1281, 79 L.Ed.2d 685 (1984).

Because the money cannot constitute contraband per se, *i.e.,* property which is itself illegal, the Common-

wealth was required to show that it was derivative contraband. In the absence of evidence that the money was used to further criminal activity, the Commonwealth cannot prevail in its petition to forfeit it as derivative contraband. *Commonwealth v. Anthony,* 418 Pa. Super. 82, 613 A.2d 581 (1992). In order then to meet its initial burden, the Commonwealth was required to prove by a preponderance of the evidence that the money seized from the apartment of Bruce Houser was connected to unlawful drug activity.

If the money was found in close proximity to unlawfully possessed controlled substances, there is a rebuttal presumption that such money constitutes proceeds from the sale of a controlled substance, thereby subjecting it to forfeiture under the Act. *Commonwealth v. Griffin,* 407 Pa. Super. 15, 595 A.2d 101 (1991). We hold that the facts of the instant case relative to the marijuana roaches found in Mr. Houser's apartment do not create the presumption. The cash in the metal box was found in a bedroom. There is no testimony that any quantity of controlled substances or drug paraphernalia was found in that portion of the apartment. There is also no testimony indicating that any controlled substances or drug paraphernalia were found in the freezer, although, at least one of the prescription bottles containing the marijuana roaches found in the kitchen cabinet was "within reaching distance" of the freezer. We cannot find that the roaches, obviously possessed for personal use, were proven to have a sufficient nexus with the cash to trigger the presumption. The Commonwealth's witness admitted that the zip-loc bags found in the apartment were consistent with non-drug use and would also be consistent with multiple purchases of marijuana by Houser for personal use. As such, the Commonwealth has not established a sufficient nexus

between the cash and the marijuana/drug paraphernalia to create the presumption.

The Commonwealth argues that although the 824 grams of marijuana seized from Houser in Walnutport had been suppressed for criminal purposes, the evidence that Houser was transporting it to Tamaqua may be used in a forfeiture action. The court had permitted the testimony about this seizure subject to the objections of Mr. Houser's attorney but had indicated that it would reserve its ruling on the admissibility of this evidence until it issued its written decision. In *Commonwealth v. $26,556.00 seized from Christopher Polidoro,* 672 A.2d 389 (Pa. Commw. 1996), the Commonwealth Court held that evidence which is suppressed in a criminal proceeding cannot be used in any way in a subsequent forfeiture proceeding. Thus, we sustain Mr. Houser's objections to the evidence seized from Mr. Houser in Walnutport and suppressed by Judge Hogan.

Because the items seized from Mr. Houser's apartment failed to establish a sufficient nexus between the cash and the marijuana roaches, his petition for return of property must be granted and the Commonwealth's petition for forfeiture denied.

Accordingly, we enter the following:

## ORDER

And now, May 8, 1996, at 12:10 p.m., the petition for return of property is granted.

The Commonwealth's petition for forfeiture is denied. The $5,219 seized from Bruce Houser is to be returned to him forthwith.