IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
  :
      v.   :   No. 748 C.D. 2020
  :   Submitted: October 15, 2021
BLK Samsung Smart Phone/BLK   :
Rubber Case, Property of Isaac   :
Pearson   :
  :
Appeal of: Isaac Bilal Pearson   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                     FILED: March 14, 2022

Isaac Bilal Pearson, *pro se*, appeals an order of the Court of Common Pleas of Lehigh County (trial court) directing the forfeiture of Pearson's black Samsung smart phone. The trial court found, after an evidentiary hearing, that the cell phone was used by Pearson in human trafficking, 18 Pa. C.S. §3011(a), a crime for which Pearson was convicted. Accordingly, the phone was subject to forfeiture pursuant to Section 3021(a)(2) of the Crimes Code, 18 Pa. C.S. §3021(a)(2). Discerning no error, we affirm.

On March 12, 2015, as part of a prostitution investigation, Allentown Police Detective Jason Krasley contacted a female individual through an online listing called "backpage." Krasley met the female at a nearby motel, where she

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

offered to have sexual intercourse with him in exchange for money. Krasley detained the female, who informed Krasley that she was working for a male individual, whom she called and asked to come to the motel. Shortly thereafter, Pearson arrived and was identified by the female. The police arrested Pearson, searched his vehicle, and seized $905 in cash and three cell phones. Pearson was charged with human trafficking, promoting prostitution, and criminal use of a communication facility. He was found guilty of the aforementioned charges following a jury trial.

On May 10, 2018, the Commonwealth filed a petition for forfeiture and condemnation of the black Samsung smart phone seized from Pearson's vehicle, asserting that the phone was used to commit human trafficking. In response, Pearson filed a motion for return of property. The trial court held a hearing on December 19, 2019, where Detective Krasley testified to the facts described above. Krasley also testified that he obtained a search warrant for the Samsung smart phone and sent it to a digital laboratory, which found on that phone "text messages, photos, browser history, backpage posting confirmations," and "images of the victim in the same clothing that she was wearing on the backpage images." Notes of Testimony, 12/19/2019, at 18 (N.T. __). Krasley testified that Pearson used the phone to "arrange the date" and "pick up the money for the prostitution." N.T. 24.

On January 22, 2020, the trial court denied Pearson's motion for return of property. In its PA.R.A.P. 1925(a) opinion, the trial court found that a nexus existed between the cell phone and the crimes for which Pearson was convicted. The trial court rejected Pearson's argument that the initial seizure of his cell phone was illegal, pointing out that Pearson had litigated this issue at the criminal trial in the form of a motion to suppress, which the trial court denied. The trial court concluded

2

that the validity of the cell phone's seizure could not be relitigated in the forfeiture proceeding. Trial Court PA.R.A.P. 1925(a) Op., 3/9/2020, at 4. Pearson appealed to this Court.

On appeal,[2] Pearson raises two issues for our review. First, Pearson argues that the trial court erred because the forfeiture petition was based on promoting prostitution under Section 5902(b) of the Crimes Code, 18 Pa. C.S. §5902(b), which does not authorize civil forfeiture. It was only after the Commonwealth searched the contents on the cell phone that Pearson was charged with human trafficking under Section 3011 of the Crimes Code. Second, Pearson argues that the trial court erred by basing the forfeiture of his cell phone upon evidence obtained in an illegal search and seizure.

The Commonwealth concedes that its forfeiture petition was captioned under the docket number 2184/2015, relating to the offense of promoting prostitution, as opposed to 4988/2015, relating to human trafficking. The Commonwealth asserts that this caption mistake constitutes harmless error. In any case, the Commonwealth's petition was filed under Section 3021(a)(2) of the Crimes Code, 18 Pa. C.S. §3021(a)(2), and stated therein that the forfeiture was based upon Pearson's conviction for human trafficking. Further, Detective Krasley's testimony showed that the cell phone was used by Pearson to commit the human trafficking offense.

We begin with Section 3021(a)(2) of the Crimes Code. It states, in pertinent part, as follows:

---

[2] Pearson's appeal was originally filed in the Superior Court. On June 15, 2020, it was transferred to this Court. "Our review of a forfeiture appeal is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether it abused its discretion or committed an error of law." *Commonwealth v. Real Property and Improvements Commonly Known as 5444 Spruce Street*, 890 A.2d 35, 38 (Pa. Cmwlth. 2006).

3

(a)  General rule.**--**The following shall be subject to forfeiture to this Commonwealth, and no property right shall exist in them:

* * *

(2) All assets within this Commonwealth:

> (i) Of an individual, entity or organization engaged in planning or perpetrating an act which violates section 3011 or 3012.

> (ii) Acquired or maintained with the intent and for the purpose of supporting, planning, conducting or concealing an act which violates section 3011 or 3012.

> (iii) Derived from, involved in or used or intended to be used to commit an act which violates section 3011 or 3012.

18 Pa. C.S. §3021(a)(2).  Section 3021(k) further provides:

Burden of proof.--If the Commonwealth produces evidence at the hearing under this section that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under this section, *the burden shall be upon the claimant to show* by a preponderance of the evidence that:

> (1)  the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon;

> (2)  the claimant lawfully acquired the property; and

> (3) *the property was not unlawfully used* or possessed by the claimant. If it appears that the property was unlawfully used or possessed by a person other than the claimant, the claimant shall show that the unlawful use or possession was without his knowledge or consent. The absence of

4

> knowledge or consent must be reasonable under the circumstances presented.

18 Pa. C.S. §3021(k) (emphasis added).

Here, Pearson was convicted of two counts of human trafficking under Section 3011(a)(1) and (2) of the Crimes Code, 18 Pa. C.S. §3011(a)(1), (2).[3] At the forfeiture hearing, Detective Krasley testified that Pearson used the cell phone to "arrange the date" and "pick up the money for the prostitution." N.T. 24. The browsing history on the phone revealed photographs of the victims that were posted on the backpage website as well as backpage posting confirmations. The trial court properly found that the cell phone was used in human trafficking and, thus, subject to forfeiture under Section 3021(a)(2) of the Crimes Code. That the Commonwealth docketed its forfeiture petition under a wrong case docket number, in and of itself, is not determinative. It was clear from the petition and the hearing evidence that the forfeiture was sought as a result of Pearson's conviction for human trafficking.[4] The Commonwealth met its burden of proof under Section 3021(k) of the Crimes Code, and Pearson presented no evidence to show otherwise. We reject Pearson's first assignment of error.

---

[3] At the time Pearson was convicted in 2016, Section 3011(a) provided:

> (a) Offense defined.--A person commits a felony of the second degree if the person:
>
> > (1) recruits, entices, solicits, harbors, transports, provides, obtains or maintains an individual if the person knows or recklessly disregards that the individual will be subject to involuntary servitude; or
> >
> > (2) knowingly benefits financially or receives anything of value from any act that facilitates any activity described in paragraph (1).

*Former* 18 Pa. C.S. §3011(a).

[4] The transcript of the forfeiture hearing shows that the district attorney, on behalf of the Commonwealth, sought forfeiture of the cell phone under Section 3021(a)(2) of the Crimes Code based on Pearson's conviction of human trafficking and "the fact [that] the cell phone was obtained and had evidence of trafficking on it[.]" N.T. 6.

5

Pearson argues, next, that the trial court erred because the cell phone was seized in the course of an illegal search of his vehicle. Further, the photographs and browsing history extracted from the cell phone were obtained without a search warrant and, thus, inadmissible in the forfeiture proceeding. Pearson argues that his constitutional rights were violated.

This Court has held:

> [T]he Commonwealth may not permanently acquire derivative contraband which it has initially seized unconstitutionally. Because of the underlying penal purpose of the forfeiture proceedings, the United States Supreme Court had long ago determined that the remedy for violations of the Fourth Amendment,[5] the exclusionary rule, extends to forfeiture proceedings.

*Commonwealth v. Jackson*, 53 A.3d 952, 957-58 (Pa. Cmwlth. 2012) (quoting *Commonwealth v. McJett*, 811 A.2d 104, 108 n.5 (Pa. Cmwlth. 2002)). Thus, "[o]nly where the government has independent, unsuppressed evidence that the res is contraband is it entitled to proceed on the merits in a forfeiture case." *Jackson*, 53 A.3d at 958 (quoting *Commonwealth v. $26,556.00 Seized From Polidoro*, 672 A.2d 389, 392 (Pa. Cmwlth. 1996)).

Here, Pearson argued in his PA.R.A.P. 1925(b) statement of errors complained of on appeal that his "reasonable expectation of privacy was violated by the unlawful invasion of his vehicle and seizure of his cellular phones." Certified Record, Item 101, PA.R.A.P. 1925(b) Statement, at 1. Pearson did not challenge the actual search of the content on the cell phone and, thus, has waived this issue on appeal. *See* PA.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are

---

[5] U.S. CONST. amend. IV.

waived"). In any event, Detective Krasley testified that he obtained a warrant to search the contents of Pearson's cell phones.

A review of the record shows that Pearson filed a motion to suppress evidence during the criminal proceeding, arguing that the cell phones were illegally seized from his vehicle at the time of his arrest. The trial court denied Pearson's motion to suppress, concluding that the seizure of the cell phones was lawful. On appeal to the Superior Court, Pearson argued that the trial court erred because the search of the contents of the three cell phones recovered from his vehicle was illegal. In affirming Pearson's conviction, the Superior Court explained that Pearson's motion to suppress challenged only the seizure of the phones and not the subsequent search of the content of the cell phones. As such, Pearson waived the issue on appeal. Even so, the Superior Court noted that the search of the cell phones was conducted after a warrant was obtained, and Pearson did not support with evidence his contention that the search warrant had purportedly expired before the search. *Commonwealth v. Pearson* (Pa. Super., No. 1158 EDA 2016, filed April 18, 2017), slip op. at 4. We reject Pearson's second assignment of error.

For the foregoing reasons, we conclude that the Commonwealth presented "independent, unsuppressed evidence" that the cell phone was used by Pearson in committing the human trafficking offense and subject to forfeiture under Section 3021(a)(2) of the Crimes Code. *Jackson*, 53 A.3d at 958 (citation omitted). Accordingly, we affirm the trial court's January 22, 2020, order directing forfeiture of Pearson's black Samsung smart phone.

_____
MARY HANNAH LEAVITT, President Judge Emerita

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
  :
v.   :   No. 748 C.D. 2020
  :
BLK Samsung Smart Phone/BLK   :
Rubber Case, Property of Isaac   :
Pearson   :
  :
Appeal of: Isaac Bilal Pearson   :

# **O R D E R**

AND NOW, this 14th day of March, 2022, the order of the Court of Common Pleas of Lehigh County, dated January 22, 2020, in the above-captioned matter, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita