Commonwealth of Pennsylvania, Appellant *v.* One 1976 Ford Station Wagon, Appellee.

Submitted on briefs, September 29, 1978, to Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Michael Johnston,* Assistant Attorney General, for appellant.

*Michael P. Dignazio,* with him *Lord & Mulligan,* for appellee.

OPINION BY JUDGE ROGERS, November 22, 1978:

Agents of the Pennsylvania Department of Revenue, Bureau of Cigarettes and Beverages, observed Ralph J. Geslao and Claire Geslao, his wife, leave their home at 609 Wilton Avenue, Secane, at about 7:00 o'clock on the evening of July 14, 1976. Ralph J. Geslao was carrying what appeared to the agents to be a half case of cigarettes. Ralph J. Geslao placed the half case in the 1976 Ford Station Wagon which is the subject of this litigation and which was then parked in the driveway of 609 Wilton Avenue. Ralph J. Geslao entered the station wagon and backed it out of his driveway onto Wilton Avenue. Claire Geslao went back to the house. When the station wagon reached Wilton Avenue the agents of the Department of Revenue stopped it, identified themselves to Ralph J. Geslao, gave him the usual warnings of his rights and served him with a warrant for the search of the automobile. This search of course produced the half case of cigarettes in which were 28

cartons of cigarettes which did not bear Pennsylvania tax stamps. Ralph J. Geslao then produced a temporary owner's card for the Ford Station Wagon showing it to be registered in his, Ralph J. Geslao's, name alone. The agents used a second warrant to search the home at 609 Wilton Avenue, Secane, where they found an additional 178 cartons of apparently untaxed cigarettes. Neither Ralph J. Geslao nor Claire Geslao smoke cigarettes.

Pursuant to Section 1001 of Article X of the Pennsylvania Cigarette Tax Act, Act of July 22, 1970, P.L. 513, 72 P.S. §3169.1001, the Commonwealth filed a timely petition for the forfeiture of the 1976 Ford Station Wagon. The Commonwealth averred that the registered titleholder of the vehicle was Ralph J. Geslao and this averment was admitted in an Answer filed by Ralph J. Geslao, in which he also refers to himself as claimant of the vehicle. In addition, Claire Geslao filed a petition averring that she was the owner of the 1976 Ford Station Wagon sought to be forfeited and that she did not know and had no reason to know that the vehicle was being used by her husband to carry unstamped cigarettes.

The hearing judge filed an order without opinion directing the Department of Revenue to return the 1976 Ford Station Wagon "to its registered owner." The Commonwealth filed an appeal in this Court. The hearing judge then filed an opinion giving as grounds for the order (1) that the 1976 Ford Station Wagon was not being "used to transport . . . cigarettes" within the meaning of that phrase as used in Section 1001 of the Act to describe motor vehicles subject to confiscation,[1] (2) that Claire Geslao was " a part owner"

---

[1] Subsidiary to this ground for returning the vehicle to Ralph J. Geslao, the court below declared that the cigarettes seized had not been shown to be unstamped and expressed "some doubt" that

of the 1976 Ford Station Wagon because she had contributed $3000 in cash towards its purchase price and had co-signed a note for a loan of the balance, and (3) that Claire Geslao's testimony demonstrated that she did not know and had no reason to know that the automobile was being used to carry unstamped cigarettes. The Commonwealth has appealed.

In support of the conclusion that the 1976 Ford Station Wagon registered to and operated by Ralph J. Geslao was not being used to transport unstamped cigarettes, the court below and the appellees here cite *U.S. v. One 1965 Cadillac Two-door Coupe*, 260 F. Supp. 761 (W.D. Pa. 1966). This case was one decided under the Federal Contraband Seizure Act, 49 U.S.C.A., Section 781 et seq. and is clearly distinguishable. The movement of the vehicle in *1965 Cadillac, supra,* was entirely within a shopping center's parking lot and the hearing judge found that the gun which was the occasion for the forfeiture of the vehicle could have been accidently dropped or "planted" there by someone other than the owner-driver. The District Court quite reasonably held it had not been sufficiently shown that the vehicle was being used by the owner to transport the gun. The facts of this case are obviously quite different. The unstamped cigarettes in this case were not merely found in Geslao's vehicle; he was observed putting them in the car just before he drove into the public highway. Further, the case relied on has been circumscribed to its unique circumstances by later authority. *U.S. v. One 1971 Porsche*, 364 F. Supp. 745 (E.D. Pa. 1973).

the cigarettes claimed to have been seized from Geslao were those produced at the hearing. The record contains positive testimony that the cartons of cigarettes in Geslao's auto were unstamped and sufficient evidence that they were the same cartons produced at the hearing.

With respect to the court's conclusion that Claire Geslao was an owner of the vehicle, we note first that the opinion of the court below misstates the uncontradicted facts of record in reporting that Mrs. Geslao contributed $3000 of her funds to the purchase price of the automobile. She testified that the $3000 came from the couple's joint savings. Further, Subsection 1001(m), 72 P.S. §3169.1001(m), provides that the court may return the vehicle to a claimant who proves to the court's satisfaction that he is the registered owner and that he did not know and had no reason to know that the vehicle was being used to transport unstamped cigarettes. Although Ralph J. Geslao, the registered owner, did not testify in the proceedings below and there is no other evidence that he neither knew nor had reason to know that the cigarettes he placed in the 1976 Ford Station Wagon were unstamped, the court below ordered the vehicle returned to the *registered owner*, that is to Ralph J. Geslao. Since Claire Geslao was not the registered owner she could not under the statute claim the vehicle, as the court's order returning it to the registered owner recognizes. It is therefore beside the point that she testified, apparently to the hearing judge's satisfaction, as to her lack of knowledge of the untaxed condition of the upwards of two hundred cartons of cigarettes at her home in July 1976.

ORDER

AND Now, this 22nd day of November, 1978, it is ordered that the final order of the Court of Common Pleas of Delaware County made August 27, 1976, be and the same hereby is reversed, and that the 1976 Ford Station Wagon, Serial Number 6B745222636 be and the same hereby is ordered forfeited to the Commonwealth.