589 A.2d 770

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**ONE 1988 SUZUKI SAMURAI, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1991.

Decided April 10, 1991.

George S. Leone, with him, Ann C. Lebowitz, Asst. Dist. Atty., Ronald Eisenberg, Chief, Appeals Unit, Gaele McLaughlin Barthold, Deputy Dist. Atty., William G. Chadwick, Jr., First Asst. Dist. Atty., and Ronald D. Castille, Dist. Atty., Philadelphia, for appellant.

Joseph F. Lawless, Jr., Philadelphia, for appellee.

Before COLINS and McGINLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Commonwealth of Pennsylvania (Commonwealth) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) denying its petition for forfeiture and granting Susan Brewin's (Mrs. Brewin) petition for return of property.[1]

The property in question is a 1988 Suzuki Samurai (Suzuki) vehicle. The Commonwealth filed a petition for forfeiture of the Suzuki under Section 6801 of the Controlled Substances Forfeitures Act (Act), 42 Pa.C.S. § 6801. This Section requires forfeiture of a conveyance used in any manner to facilitate the transportation, sale, receipt, possession or concealment of controlled substances.

In the instant case, the Suzuki became subject to forfeiture when it was shown by the Commonwealth to have been used by Karen Brewin, Mrs. Brewin's daughter, in the commission of a drug transaction prohibited by the Act. At the forfeiture hearing it was stipulated that Karen was in the Suzuki; made a purchase of cocaine, a controlled substance under the Act; and that ownership interest in the

1. The petition for return of property was originally filed on behalf of Karen Brewin (the defendant in the underlying criminal case) and was amended to reflect Susan Brewin, Karen's mother, as the actual petitioner. The Commonwealth did not oppose the amendment.

Suzuki was forfeitable under the Act. Thus, the Commonwealth's initial burden of producing evidence that the property sought to be forfeited was unlawfully used or possessed was established at the outset.[2] After the Commonwealth sustained its burden of proof, the burden shifted to Mrs. Brewin who was seeking return of the Suzuki.

Under the Act, where a conveyance has been used by a person other than the "owner" thereof for unlawful purposes and has been seized by law enforcement officials, the "owner" must establish certain elements to secure return of property. Section 6802(j) of the Act, 42 Pa.C.S. § 6802(j), indicates the burden is on petitioner to show:

    (1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon.

    (2) That the claimant lawfully acquired the property.

    (3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.

Section 6802(j)(3), regarding unlawful use of property without claimant's knowledge or consent, is referred to as the "innocent owner" exception to the Act. *Commonwealth v. One 1985 Cadillac Seville*, 371 Pa.Superior Ct. 390, 538 A.2d 71 (1988).

The trial court, in finding that forfeiture would not effectuate purposes of the Act, returned the Suzuki to Mrs. Brewin. In reaching its decision, the trial court relied upon undisputed testimony that Mrs. Brewin purchased the Suzuki, financed it, paid the insurance, and made and continues to make payments on the vehicle. The trial court determined that the Suzuki should be returned to Mrs.

---

**2.** The Commonwealth has the burden of proving, by a preponderance of the evidence, the nexus between the crime and the property subject to forfeiture. *See* 42 Pa.C.S. § 6801; *Commonwealth v. One 1988 Ford Coupe*, 393 Pa.Superior Ct. 320, 574 A.2d 631 (1990).

Brewin because Karen's unlawful use of the vehicle was without the knowledge or consent of her mother. Thus, the trial court relied upon the "innocent owner" exception to the Act as the basis for its decision.

On appeal, the only issue before us is ownership of the Suzuki. The Commonwealth argues that the trial court failed to apply the appropriate case law under which Karen, rather than Mrs. Brewin, is the actual owner of the Suzuki. Conversely, Mrs. Brewin asserts the "innocent owner" defense, contending she is the owner of the Suzuki because she is financially responsible and has title to the Suzuki.

In determining what constitutes "ownership", we first consider elements inherent in its definition. Black's Law Dictionary 997 (5th ed. 1979) defines ownership as a "[c]ollection of rights to use and enjoy property ... [t]he right of one or more persons to possess and use a thing to the exclusion of others...." Similarly, "owner" is defined as "[h]e who has dominion of a thing ... which he has a right to enjoy and do with as he pleases...." Black's at 996.

There are no Pennsylvania cases defining ownership in the context of the Act,[3] nor is "ownership" or "owner" defined in the Act. However, the Act is patterned after its federal counterpart, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 881(a)(4). *One 1985 Cadillac Seville; Commonwealth v. One 1979 Lincoln Four Door Sedan,* 344 Pa.Superior Ct. 171, 496 A.2d 397 (1985). Hence, in determining what constitutes ownership for purposes of raising an innocent owner defense we look for guidance as is afforded by federal cases construing that statute. *Id.*

**3.** In *Commonwealth v. One 1985 Cadillac Seville, supra,* the Superior Court tangentially discussed ownership in addressing the question of standing to challenge a forfeiture for purposes of raising the innocent owner defense. *See also Commonwealth v. One 1985 Dark Blue Mercedes Benz Car,* 391 Pa.Superior Ct. 507, 571 A.2d 482 (1990) and *see Commonwealth v. One 1976 Ford Station Wagon,* 38 Pa.Commonwealth Ct. 556, 395 A.2d 595 (1978) in which this court ordered the forfeiture of a vehicle under the Pennsylvania Cigarette Tax Act where the wife testified that she was the "owner" of the vehicle and had no reason to know the vehicle was being used to carry unstamped cigarettes.

Two Eastern District cases, factually similar to the instant case, illustrate what elements are reviewed in determining ownership. In *U.S. v. One 1971 Porsche Coupe Automobile*, 364 F.Supp. 745 (E.D.Pa.1973), a father purchased a Porsche for his son. The father paid for the car and title was in his name. After he gave it to his son, who used it to purchase drugs, the Porsche was seized. The father opposed the forfeiture, claiming he was an innocent owner. The court determined that the father lacked the requisite interest and because his son had sole possession and exercised dominion and control over the Porsche, the son would, therefore, suffer the loss occasioned by the forfeiture.

In *U.S. v. One 1981 Datsun 280ZX*, 563 F.Supp. 470 (E.D.Pa.1983), a father bought a Datsun with his own money and titled and insured it in his name. The son had selected the car, its color and the accessories. The car was driven often by the son and never by the father who had a heart condition. The court determined that because he did not intend the car for his personal use and did not exercise dominion or control over it, the father was not the actual owner.

Thus our review of federal cases reveals that an owner must have a possessory interest in the property with attendant characteristics of dominion and control. *U.S. v. Premises Known as 427 Chestnut Street, Reading, Pa.*, 731 F.Supp. 183 (E.D.Pa.1990); *U.S. v. One 1981 Datsun 280ZX; U.S. v. One 1945 Douglas C-54*, 604 F.2d 27 (8th Cir.1979), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982); *U.S. v. One 1971 Porsche Coupe Automobile*.

In the instant case, Mrs. Brewin testified that: she has her own car, a 1979 Dodge, that she drove; she bought the Suzuki for her daughter for work; she had never driven the Suzuki; and had only seen it a few times. Whereas, Karen picked out the color, transmission type and accessories; drove the Suzuki to work; kept the Suzuki at her

house; and lived a substantial distance from her mother.[4] Thus, by Mrs. Brewin's testimony, it is clear that she did not possess the Suzuki. While the adage "possession is nine-tenths of the law" is not legally accurate, possession is an element to consider in determining ownership. By keeping the Suzuki at her house and using it to the exclusion of Mrs. Brewin, Karen exercised dominion and control over the Suzuki.

Accordingly, we reverse and remand to the trial court with directions.

COLINS, J., dissents.

## ORDER

AND NOW, this 10th day of April, 1991, the order of the Court of Common Pleas of Philadelphia County is reversed, and this matter is remanded with direction to grant the Commonwealth's petition for forfeiture.

Jurisdiction relinquished.

---

**4.** Testimony indicated Karen lived with her mother "off and on." R.R. at 35a.