615 A.2d 827

**Irene SHAPLEY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

Decided Aug. 19, 1992.

Edward M. Zawrotny, for appellant.

Syndi L. Guido, Deputy Atty. Gen., for appellee.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Irene Shapley (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which ordered a 1981 DeLorean automobile, among other items, forfeited to the Commonwealth pursuant to the Controlled Substances Forfeitures Act (Act), 42 Pa.C.S. §§ 6801–6802. We affirm.

The facts as found by the trial court are as follows. Appellant resides with her son, Brian Shapley, at a dwelling located in Philadelphia. On September 7, 1990, a Commonwealth narcotics agent and other law enforcement personnel executed a search warrant at the dwelling. The search uncovered a gun, drug paraphernalia, approximately $25,000 in cash, and the 1981 DeLorean automobile, all of which were seized.

The Commonwealth filed a petition for forfeiture of the gun, the money, and the DeLorean. The trial court issued a rule on Appellant and Brian Shapley to show cause why the

Commonwealth's petition for forfeiture should not be granted. Appellant and Brian Shapley were also served with a notice to answer the forfeiture petition. Brian Shapley neither responded to the rule to show cause, nor answered the forfeiture petition. The trial court, therefore, ordered Brian Shapley's interest in the gun, the money, and the DeLorean forfeited by default. Appellant answered the Commonwealth's petition and filed a petition for return of the DeLorean.[1]

On May 13, 1991, a hearing was held before the trial court at which Appellant and the Commonwealth stipulated that the only issue for consideration was whether Appellant was the actual owner of the DeLorean. On the same date, the trial court entered an order of forfeiture of the DeLorean. The trial court determined that although the DeLorean was titled in Appellant's name, Brian Shapley was the actual owner of the DeLorean and Appellant's title was a mere sham designed to evade forfeiture.

On appeal, the issues raised by Appellant are: 1) whether the Commonwealth failed to prove a nexus between criminal activity and the DeLorean to support forfeiture, and 2) whether the trial court improperly ordered forfeiture based on its determination that Appellant had not sustained her burden of proof.

As to the first issue, we note that the Commonwealth in a forfeiture proceeding has the initial burden of proving a nexus between criminal activity and the property subject to forfeiture. *Commonwealth v. One 1985 Dark Blue Mercedes,* 391 Pa.Superior Ct. 507, 571 A.2d 482, *petition for allowance of appeal denied,* 526 Pa. 654, 586 A.2d 922 (1990). However, in this case, because of Brian Shapley's failure to contest the forfeiture and because of Appellant's stipulation that the only issue was ownership, the nexus between criminal activity and the DeLorean is factually not at issue.

Under Pennsylvania law, parties may stipulate and be bound thereby as long as the stipulation does not concern jurisdiction and prerogatives of the court. *Department of*

---

1. Appellant also petitioned for return of the money; however, the return of the money is not at issue in this appeal.

*Transportation v. Brown,* 133 Pa.Commonwealth Ct. 156, 576 A.2d 75 (1990); *Tyler v. King,* 344 Pa.Superior Ct. 78, 496 A.2d 16 (1985). Moreover, a party is precluded from raising an issue on appeal which is not included in the issues stipulated to at trial. *Woodland Hills Education Association, PSEA/NEA v. Woodland Hills School District,* 96 Pa.Commonwealth Ct. 502, 508 A.2d 365 (1986). Therefore, we conclude that Appellant has waived the nexus issue, and that the only issue for our determination is whether the trial court improperly ordered forfeiture of the DeLorean based on its determination that Appellant failed to sustain her burden of proof.

In a forfeiture proceeding, after the Commonwealth sustains its burden of proving a nexus between criminal activity and the property subject to forfeiture, the burden shifts to the person claiming ownership of the property to show all of the following:

(1) That the claimant is the owner of the property....

(2) That the claimant lawfully acquired the property.

(3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.

Section 6802(j) of the Act, 42 Pa.C.S. § 6802(j).

■■■ To establish ownership under 6802(j)(1), a claimant must have a possessory interest in the property with attendant characteristics of dominion and control. *Commonwealth v. One 1988 Suzuki Samurai,* 139 Pa.Commonwealth Ct. 68, 589 A.2d 770 (1991). In the present case, Appellant testified at the hearing before the trial court that she, and not Brian Shapley, was the title owner of the DeLorean, and that Brian Shapley merely used the DeLorean on occasions with her consent. Appellant also testified that the DeLorean was purchased by her deceased husband for her use. However, Appellant admitted that her husband was disabled for 15

years prior to his death, and presented no proof that he had the financial resources to purchase the DeLorean. Appellant later conceded that she has never driven the DeLorean because she is unable to drive vehicles equipped with a standard transmission, such as the DeLorean.

The Commonwealth presented evidence that, at the time of the search of Appellant's dwelling, the keys to the DeLorean were in the possession of Brian Shapley. The Commonwealth also presented evidence that, at the time of the search, Brian Shapley stated that the DeLorean was his property. Moreover, the former owner of the DeLorean testified that Brian Shapley made all arrangements leading up to the purchase of the DeLorean, and then gave the former owner $8,000 in cash for the DeLorean. The former owner testified that it was his understanding that Brian Shapley was the purchaser of the DeLorean and that the title was being placed in Appellant's name for "technical reasons" only. Trial Court Op. at 4. Appellant conceded at the hearing before the trial court that, prior to its purchase, the DeLorean was test-driven by Brian Shapley, and that Brian Shapely negotiated the purchase price and arranged for the title transfer at a local Notary Public's office.

The above-mentioned evidence supports the trial court's conclusion that Brian Shapley, and not Appellant, was in possession of the DeLorean and exercised dominion and control over the DeLorean. Therefore, the trial court properly ordered forfeiture of the DeLorean because Appellant failed to prove that she was the owner of the DeLorean, and because Brian Shapley, the actual owner, failed to contest the forfeiture.[2]

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, August 19, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

---

**2.** Because Appellant failed to satisfy section 6802(j)(1), we need not address sections 6802(j)(2) and (3).