## Commonwealth v. One 1970 Pontiac

*Richard L. Webber Jr., assistant district attorney,* for the Commonwealth.
*Michael L. Bangs,* for owner.

HESS, *J.,* February 9, 1993—This is a case in which the Commonwealth seeks to have forfeited a 1970 Pontiac Firebird belonging to the claimant, Dean Myers. The contention of the Commonwealth is that the vehicle is subject to forfeiture because, at the least, it was used to transport Mr. Myers to the scene of the drug deal. From our forfeiture hearing, we find the following to be the facts.

On May 29, 1992, Jeffrey Ives arranged to purchase one pound of marijuana from an undercover detective, Harry Clay, for a price $1,850. The sale was to take place at the Penway Auto Parts Store in Lemoyne, Pennsylvania. Detectives Harry Clay and David Rudy, as well as a cooperating individual, Michael Marchinowsky, arrived at the Penway Store at approximately 3:40 p.m.

Maria Schierscher, a girlfriend of Jeffrey Ives, arrived shortly thereafter. Dean Myers arrived in the 1970 Pontiac Firebird, the subject matter of this proceeding, shortly after Ms. Schierscher arrived. A female passenger accompanied Mr. Myers in the automobile. In the course of the ensuing drug transaction, Mr. Ives referred to Mr. Myers, more than once, as "his man." Maria Schierscher, Ives' girlfriend, handled the actual exchange of money and marijuana because Ives was working behind the counter of the store at the time. Mr. Myers entered the store briefly but at the time of the drug transaction was by his car, parked on the street, working under the hood. It was Ms. Schierscher who exited the store and entered the undercover vehicle, handing Detective David Rudy the sum of $1,840 in exchange for a quantity of marijuana. Ives and Schierscher were arrested immediately upon the completion of the transaction.

After her arrest, Ms. Schierscher signed a written statement implicating Dean Myers as having contributed $350 towards the purchase price of the marijuana. On November 2, 1992, Jeffrey Ives pled guilty to conspiracy to deliver marijuana, generally admitting, but not specifically saying, that he conspired with Mr. Myers to attempt to buy marijuana from an undercover police officer. The charges, ultimately filed against Mr. Myers, the owner of the 1970 Pontiac Firebird in question, were dismissed by a district justice. This occurred, in part, because Maria Schierscher recanted an earlier statement in which she indicated that Mr. Myers had provided $350 of the total $1,840 of the purchase price for the pound of marijuana. She testified under oath that she and Mr. Ives were alone responsible for the drug transaction. Mr. Ives, likewise, testified (most notably at our recent forfeiture hearing) that Mr. Myers

had nothing to do with the drug transaction, and that all of the money used to purchase the drugs was his. By the same token, Dean Myers has explained his presence at the Penway Store, testifying that he was there to pick up a part for his vehicle. This was verified by Mr. Ives.

The Commonwealth asks us to consider, inter alia, the question of whether or not a vehicle, driven for the purpose of transporting one to the scene of a drug transaction, subjects the vehicle to forfeiture pursuant to 42 Pa.C.S. §6801. This statute provides, in part:

"Section 6801. Loss of property rights to Commonwealth

"(a) Forfeitures generally. The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:

"(1) All drug paraphernalia, controlled substances or other drugs which have been manufactured, distributed, dispensed or acquired in violation of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act....

"(4) All conveyances, including aircraft, vehicles or vessels, which are used or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of, property described in paragraph (1)...."

While the question raised by the Commonwealth is a fascinating one, we resolve this case on other grounds.

In a forfeiture action, the Commonwealth has the burden of proving, by a preponderance of the evidence, the nexus between the crime and the property subject to forfeiture. *Commonwealth v. One 1988 Suzuki Samurai,* 139 Pa. Commw. 68, 589 A.2d 770 (1991). In other words, after

considering all the evidence, the proverbial scales must tip in favor of the Commonwealth. Here, the involvement of the Firebird's owner in an intended drug transaction was, at best, the subject of a reasonable suspicion. Ms. Schierscher has recanted a previous statement in which she implicated Mr. Myers. While the Commonwealth has taken the position that Maria Schierscher's first statement is the one that should be believed by the court, they have offered no explanation for her false sworn testimony. The practical effect of her current testimony is to further inculpate herself with regard to the drug transaction. The Commonwealth suggests that she is doing so either because she is afraid of Mr. Myers or desires to have his assistance in future drug transactions. In fact, Mr. Myers now lives in the state of Georgia and it is unlikely that Ms. Schierscher would either have further dealings with him or will be particularly anxious for her safety, given the distance between them at this point.

While our sixth sense tells us that Mr. Myers may well have had some part in the intended drug transaction, the forfeiture of his property to the Commonwealth must be based on something more than mere conjecture. We conclude that, with respect to the 1970 Pontiac Firebird at issue, the Commonwealth has failed to meet its burden of proof.

## ORDER

And now, February 9, 1993, the petition of the Commonwealth for the forfeiture of $350 in cash is granted. The petition of the Commonwealth for the forfeiture of one 1970 Pontiac Firebird, VIN 226870N125200, is denied.