IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
:
v.    :
:
The Property Located at 2504 U.S.    :
Highway 522 North, Lewistown,    :
Mifflin County, Pennsylvania; and    :
$140.00 in United States Currency    :
    :  No. 1686 C.D. 2017
Appeal of: Scott A. Shreffler    :  Submitted: August 10, 2018


BEFORE:   HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                 FILED: October 23, 2018


Scott A. Shreffler (Shreffler) appeals from the Mifflin County Common Pleas Court's (trial court) June 19, 2017 order granting the Commonwealth of Pennsylvania's (Commonwealth) Petition for Forfeiture and Condemnation (Forfeiture Petition). Essentially, Shreffler presents two issues for this Court's review: (1) whether the trial court erred by denying Shreffler's innocent owner defense;[1] and (2) whether remand is necessary to establish a record of factors for the instrumentality analysis and the revised proportionality assessment established in *Commonwealth v. 1997 Chevrolet & Contents Seized from Young* (*1997 Chevrolet*), 160 A.3d 153 (Pa. 2017).[2] After review, we vacate and remand.

---

[1] Shreffler argued the innocent owner defense on behalf of his father.

[2] Shreffler presented the above-stated issues as three separate questions. *See* Shreffler Br. at 5. However, because his first two issues pertain to *1997 Chevrolet*, this Court has combined them.

**Background**

Shreffler engaged in the sale of drugs at his residence on numerous occasions in violation of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[3] On March 21, 2016, a confidential informant bought cocaine from Shreffler at his residence located at 2504 U.S. Highway 522 North, Lewistown, Mifflin County, Pennsylvania (Property). On March 25, 2016, a confidential informant bought heroin from Shreffler at the Property, and on March 28, 2016, a confidential informant bought Buprenorphine from Shreffler at the Property. Thereafter, based on these sales, Shreffler was charged with violation of the Drug Act and, on March 21, 2017 after a jury trial, he was found guilty on all three charges.

On July 27, 2016, the Commonwealth filed the Forfeiture Petition with the trial court for the Property. Shreffler filed his Stake of Title in Possession or Property and Objections to Forfeiture and Condemnation on August 26, 2016. The trial court held a hearing on May 25, 2017. On June 19, 2017, the trial court granted the Forfeiture Petition. On July 14, 2017, Shreffler filed a Notice of Appeal (Appeal) with the Pennsylvania Superior Court which was rejected for lack of in forma pauperis (IFP) status. On July 18, 2017, Shreffler filed a Petition for Return of Property, which the trial court denied on July 20, 2017. On August 7, 2017, the trial court granted Shreffler IFP status to file an appeal. Shreffler refiled his Appeal with the Pennsylvania Superior Court on August 9, 2017. By October 5, 2017 order, the Pennsylvania Superior Court granted Shreffler's motion to transfer the Appeal to this Court.[4]

---

[3] Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780-101 – 780-144.

[4] "Our review of a forfeiture proceeding is limited to [determining] whether substantial evidence supports the trial court's findings of fact and whether the trial court abused its discretion or committed an error of law." *Commonwealth v. Burke*, 49 A.3d 542, 545 n.2 (Pa. Cmwlth. 2012).

## Discussion

Shreffler argues that the trial court erred by denying his innocent owner defense. Specifically, Shreffler contends that his mother wrote the check to purchase the Property. Although the deed was titled to Shreffler, Shreffler alleges that he signed a contract which stated that if he defaulted on his payments to repay his mother, ownership of the Property would divert to his parents (Contract). Shreffler asserts that, because he defaulted on his payments before the Commonwealth filed the Forfeiture Petition, his father owns the Property.[5] This Court has explained:

> In determining what constitutes 'ownership', we first consider elements inherent in its definition. Black's Law Dictionary 997 (5th ed. 1979) defines ownership as a '**[c]ollection of rights to use and enjoy property** . . . **[t]he right of one or more persons to possess and use a thing to the exclusion of others**. . . .' Similarly, 'owner' is defined as '**[h]e who has dominion of a thing** . . . **which he has a right to enjoy and do with as he pleases**. . . .' Black's at 996.
>
> There are no Pennsylvania cases defining ownership in the context of [what was commonly referred to as the Controlled Substances Forfeiture Act (Former Forfeiture Act)[6]], nor is 'ownership' or 'owner' defined in the [Former Forfeiture] Act. However, the [Former Forfeiture] Act [was] patterned after its federal counterpart, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 881(a)(4). Hence, in determining what constitutes ownership for purposes of raising an innocent owner defense we look for guidance as is afforded by federal cases construing that statute.

*Commonwealth v. One 1988 Suzuki Samurai*, 589 A.2d 770, 772 (Pa. Cmwlth. 1991) (emphasis added). "[O]ur review of federal cases reveals that **an owner must have a**

---

[5] Shreffler's mother is now deceased.

[6] 42 Pa.C.S. §§ 6801-6802. The former Forfeiture Act was repealed effective July 1, 2017, and replaced by 42 Pa.C.S. §§ 5801-5808.

3

**possessory interest in the property with attendant characteristics of dominion and control**." *Id.* at 773 (emphasis added); *see also Strand v. Chester Police Dep't*, 687 A.2d 872, 876-77 (Pa. Cmwlth. 1997) ("[H]olding title to an automobile does not, in and of itself, prove actual legal ownership for the purposes of the Forfeiture Act[;]" "[f]or true ownership to exist, one must exercise 'dominion and control' over the vehicle."). Consequently, even if Shreffler's default payment diverted ownership of the Property to Shreffler's father, there is no record evidence that he took possession of said Property. Rather, Shreffler continued to have "a possessory interest in the [P]roperty with attendant characteristics of dominion and control." *One 1988 Suzuki Samurai*, 589 A.2d at 773.

Assuming arguendo, the trial court believed that Shreffler was not the Property's owner,[7] in order to prevail on an innocent owner defense, Shreffler had to prove:

> (1) That [his father] is the owner of the [P]roperty or the holder of a chattel mortgage or contract of conditional sale thereon.
>
> (2) That [his father] lawfully acquired the [P]roperty.
>
> (3) That it was not unlawfully used or possessed by [Shreffler]. In the event that it shall appear that the [P]roperty was unlawfully used or possessed by him, then [his father] **shall show that the unlawful use or possession was without his knowledge or consent**. Such absence of knowledge or consent must be reasonable under the circumstances presented.

*One 1988 Suzuki Samurai*, 589 A.2d at 772 (emphasis added) (quoting Section 6802(j)(3) of the Forfeiture Act, 42 Pa.C.S. § 6802(j)). Here, Shreffler's father did not appear at the hearing, thus, there was no evidence presented to show that Shreffler's unlawful use of the Property was without his father's knowledge or

---

[7] To the contrary, the trial court expressly concluded that Shreffler owned the Property.

consent. Because the only evidence presented to support Shreffler's innocent owner defense was Shreffler's testimony that the alleged Contract exists, the trial court properly denied Shreffler's innocent owner defense.

Shreffler further contends that a remand is necessary to create a record of factors for the instrumentality analysis and the revised proportionality assessment established by the *1997 Chevrolet* Court.

Initially, the Pennsylvania Supreme Court, in *1997 Chevrolet* held:

[F]or purposes of an Excessive Fines Clause[8] challenge to a civil *in rem* forfeiture, a court must first assess whether the property sought to be forfeited is an instrumentality of the underlying offense. If the property is not found to be an instrumentality of the criminal conduct, the inquiry is dispositive and ends, and the forfeiture is unconstitutional. If the property is an instrumentality, the inquiry continues to the proportionality prong and an assessment of whether the value of the property sought to be forfeited is grossly disproportional to the gravity of the underlying offense. If it is grossly disproportional, the forfeiture is unconstitutional.

*Id.* at 191. With respect to the instrumentality and the proportionality assessment, the *1997 Chevrolet* Court declared:

In making the instrumentality determination, a court should consider, *inter alia*:

(1) whether the property was uniquely important to the success of the illegal activity;

(2) whether the use of the property was deliberate and planned or was merely incidental and fortuitous to the illegal enterprise;

---

[8] The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The Eighth Amendment, and, specifically, the Excessive Fines Clause, is made applicable to the states through the Fourteenth Amendment to the United States Constitution." *1997 Chevrolet*, 160 A.3d at 162 n.7.

(3) whether the illegal use of the property was an isolated event or repeated;

(4) whether the purpose of acquiring, maintaining or using the property was to carry out the offense;

(5) whether the illegal use of the property was extensive spatially and/or temporally; and

(6) whether the property is divisible with respect to the subject of forfeiture, allowing forfeiture of only that discrete property which has a significant relationship to the underlying offense.

The factors, among others, to be considered in assessing the value of the property are:

(1) the fair market value of the property;

(2) the subjective value of the property taking into account whether the property is a family residence or if the property is essential to the owner's livelihood;

(3) the harm forfeiture would bring to the owner or innocent third parties; and

(4) whether the forfeiture would deprive the property owner of his or her livelihood.

The factors to be considered in gauging the gravity of the offense include:

(1) the nature of the underlying offense;

(2) the relation of the violation of the offense to any other illegal activity and whether the offender fit into the class of persons for whom the offense was designed should be considered;

(3) the maximum authorized penalty as compared to the actual penalty imposed upon the criminal offender;

(4) the regularity of the criminal conduct—whether the illegal acts were isolated or frequent, constituting a pattern of misbehavior;

6

(5) the actual harm resulting from the crime charged, beyond a generalized harm to society; and

(6) the culpability of the property owner.

*Id.* at 191-92.

In the instant case, the trial court opined:

[Shreffler] sold drugs at his residence on numerous occasions in violation of the [Drug Act]. The Commonwealth provided that a confidential informant bought cocaine from [Shreffler] on March 21, 2016, heroin from [Shreffler] on March 25, 2016 and Buprenorphine from [Shreffler] on March 28, 2016. All controlled buys occurred at [Shreffler's] residence. [Shreffler] was charged with these deliveries in criminal actions CP-44-CR-250-2016 and CP-44-CR-247-2016 and found guilty on all three charges after jury trial held March 21, 2017. In comparing the value of the residence to the gravity of [Shreffler's] offense, the Court finds the value of the forfeiture is not grossly disproportional to the gravity of [Shreffler's] multiple offenses.

Trial Court Op. at 3. The Commonwealth argues:

At the forfeiture hearing[,] the Commonwealth presented evidence of the value of the [P]roperty forfeited in the form [of] a deed indicating that [] Shreffler purchased the house for $21,501. Transcript of Proceedings of: Forfeiture Hearing, May 25, 2017, Exhibit Commonwealth 4. We can safely conclude that the trial court was aware that the permissible fines for delivery of heroin, a Schedule II controlled substance, go up to $250,000. [Section 13(40)(f)(1) of the Drug Act,] 35 P.S. [§] 780-113(40)(f)(1). As such, the trial court's conclusion that the value of the forfeiture is not grossly disproportional to the gravity of [Shreffler's] multiple offenses is supported by the record . . . .

Commonwealth Br. at 9.

However, the *1997 Chevrolet* Court rejected a similar argument. Specifically, the Pennsylvania Supreme Court held:

7

> In this case, the trial court . . . first compared the maximum penalty allowable for possession with intent to distribute, [owner's son's] offense, as well as other maximum penalties for crimes which [owner's son] could have been convicted, with the fair market value of the property. The court further opined that, for several years, [owner's son] had sold drugs from the property and that his behavior put his neighbors, and police officers investigating and serving search warrants, 'in harm's way.' Trial Court Opinion, 4/3/2013, at 14. Thus, the court concluded, **based upon these considerations which we now find to be flawed**, that the forfeited property was not grossly disproportionate to the gravity of the offense. As the trial court did not have the benefit of our explication of the proper proportionality assessment, we remand the matter to the Commonwealth Court, for remand to the trial court, for reconsideration of [the a]ppellee's Excessive Fines Clause challenge in light of our opinion.

*1997 Chevrolet*, 160 A.3d at 192 (emphasis added; citations omitted). The trial court here relied on the same flawed considerations. Because *1997 Chevrolet* was filed on the day the trial court heard and decided the instant matter, the trial court did not have the benefit of our Supreme Court's clarification of the instrumentality and proper proportionality assessment. Accordingly, we remand to the trial court for reconsideration of Shreffler's Excessive Fines Clause challenge using the instrumentality and proportionality assessment established in *1997 Chevrolet.*

For all of the above reasons, the trial court's order is vacated, and the matter is remanded to the trial court for further proceedings consistent with this Opinion.

_____
ANNE E. COVEY, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | |
| | : | |
| The Property Located at 2504 U.S. | : | |
| Highway 522 North, Lewistown, | : | |
| Mifflin County, Pennsylvania; and | : | |
| $140.00 in United States Currency | : | |
| | : | No. 1686 C.D. 2017 |
| Appeal of: Scott A. Shreffler | : | |

## O R D E R

AND NOW, this 23rd day of October, 2018, the Mifflin County Common Pleas Court's (trial court) June 19, 2017 order is vacated, and the matter is remanded to the trial court for further proceedings consistent with this Opinion.

Jurisdiction relinquished.


_____
ANNE E. COVEY, Judge