IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | No. 738 C.D. 2019 |
| v. | : | |
| | : | Submitted: May 11, 2020 |
| 2012 Mazda 323 Sedan | : | |
| VIN #JM1BL1VF8C1514566 | : | |
| | : | |
| Appeal of: Irena Swiatek | : | |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED: June 30, 2020


          Irena Swiatek (Swiatek) appeals from the June 21, 2018 order of the Court of Common Pleas of Carbon County (trial court), which granted the forfeiture petition of the Commonwealth seeking to obtain possession of and title to a vehicle under the act that was commonly referred to as the Controlled Substances Forfeiture Act (Former Forfeiture Act).[1]  On appeal, Swiatek contends that the trial court erred

---

[1] The Former Forfeiture Act, *formerly* 42 Pa.C.S. §§6801-6802, was repealed by our General Assembly by the Act of June 29, 2017, P.L. 247, effective July 1, 2017.  The current Forfeiture Act is codified at sections 5801 through 5808 of the Judicial Code, 42 Pa.C.S. §§5801-5808.  Because the Commonwealth filed its forfeiture petition prior to the effective date of the current Forfeiture Act, we apply the provisions of the Former Forfeiture Act.  *See Commonwealth v. $182.00 Cash* (Pa. Cmwlth., No. 299 C.D. 2017, filed September 12, 2018) (unreported), slip op. at 1 n.1 (applying the Former Forfeiture Act because it was in effect during the forfeiture proceedings before the court of common pleas); *Commonwealth v. $997.00 ex rel. Woodard* (Pa. Cmwlth., No.

**(Footnote continued on next page…)**

in failing to find that she was not the lawful owner of the vehicle and rejecting her "innocent owner" defense. Upon review, we affirm.

On June 6, 2017, the Commonwealth filed a forfeiture petition, asserting that Nicole Kwasniak (Defendant) utilized a grey 2012 Mazda 323 Sedan (the Vehicle) for transport or sale, or to facilitate the transfer or sale, of a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[2] (Reproduced Record (R.R.) at 1a-17a.) Swiatek, who is Defendant's mother, filed an answer on June 29, 2017, arguing that she (Swiatek) was the registered and title owner of the Vehicle and asserting an "innocent owner" defense. (R.R. at 18a-20a.) On March 20, 2018, the trial court convened a hearing.

At the hearing, the Commonwealth introduced the testimony of Officer Tyler Meek of the Mahoning Township Police Department. In general, Officer Meek provided testimony regarding his interaction with Defendant on April 20, 2017, while she was asleep in the Vehicle at a McDonalds' parking lot, and the drugs that he obtained from her person. (R.R. at 38a-46a.) On cross-examination, Officer Meek stated that he checked the Vehicle's registration through the police database and confirmed that the Vehicle was registered to Swiatek. (R.R. at 41a-42a.) The Commonwealth also admitted into evidence a call summary report authored by Officer Jason Helmer in 2016. Although Officer Helmer did not testify at the

---

**(continued…)**

781 C.D. 2016, filed November 20, 2017) (unreported), slip op. at 1 n.1 (applying the Former Forfeiture Act "because all relevant facts pertaining to this matter occurred prior to the [F]ormer-Forfeiture Act's repeal"); *see also* section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[2] Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§780-101 - 780-144.

2

hearing, counsel for Swiatek and the Commonwealth entered into a stipulation on the record, in which they agreed that if Officer Helmer was called to testify, he would testify consistent with the statements contained in the report. Most significantly, in the report, Officer Helmer stated that Swiatek told him that she purchased the Vehicle for Defendant. (R.R. at 65a-66a.)

Swiatek testified that Defendant was her daughter and was 22 years old at the time of the incident. Swiatek added that she and Defendant lived together at Swiatek's residence. Swiatek said that she secured a loan for the Vehicle in 2012 and paid off the purchase price in March 2017 after making monthly payments for approximately four years. According to Swiatek, she then received a certificate of title for the Vehicle and was listed as the sole owner. Swiatek testified that she did not know Defendant had drugs in her possession on April 20, 2017, and was unaware that Defendant was involved with drugs. (R.R. at 46a-50a.) Swiatek stated that she permitted Defendant to use the Vehicle because Defendant "took care of the house." (R.R. at 50a.)

Following the hearing and submission of briefs by the parties, the trial court issued the following findings of fact:

> 1. [Defendant] was charged with various violations of the [Drug Act,] namely Possession with Intent to Deliver a Controlled Substance, Simple Possession, and Possession of Drug Paraphernalia[3] . . . for an incident alleged to have occurred on April 20, 2017, in Mahoning Township, Carbon County, Pennsylvania.
>
> 2. At the time of the stop by [Officer Meek], [Defendant] was driving [the Vehicle].

_____

[3] Section 13(a)(30), (16), and (32) of the Drug Act, 35 P.S. §780-113(a)(30), (16), and (32), respectively.

3

3.     Located inside this vehicle and on the person of [Defendant] was 38.2 grams of crystal methamphetamine packaged in plastic baggies.

4.     In addition, Officer Meek located a cell phone with a text that read, "Do you have a ball."[4]

5.     Swiatek is the titled and registered owner of the [Vehicle], having purchased it in 2012.

6.     Swiatek, a truck driver by profession, was on the road on April 20, 2017.

7.     Swiatek also owns a Mitsubishi vehicle.

8.     Swiatek [gave] permission for [Defendant] to use the [Vehicle] because [Defendant] takes care of Swiatek's house when she is away with work.

9.     [Officer Helmer] was involved in an incident with [Defendant] and Swiatek in April 2016[,] during which Swiatek told Officer Helmer that [Defendant] had taken [the Vehicle]. Swiatek also stated that she purchased [the Vehicle] for [Defendant], that [Defendant] had permission to operate [the Vehicle,] and that the [V]ehicle was registered to Swiatek. Accordingly, [Officer] Helmer refused to pursue criminal charges against [Defendant] for unauthorized use or theft [of a vehicle].

(Order, 6/21/2018, at 3-4; Findings of Fact (F.F.) at 1-9.)

Based on these findings, the trial court concluded that the Commonwealth met its burden under the Former Forfeiture Act and established that the Vehicle was a conveyance used or intended to be used to transport—or in any manner facilitate the transportation of—a controlled substance. In so determining, the trial court noted our case law holding that when an individual, such as Swiatek,

---

[4] As the trial court noted, a "ball" is drug slang for a quantity of a controlled substance. (Trial court op. at 6 n.6.)

4

possesses title to a vehicle, this fact, in and of itself, does not prove legal ownership for purposes of the Former Forfeiture Act. The trial court concluded that, given the credible evidence presented, Defendant, and not Swiatek, was the legal owner of the Vehicle and exercised dominion and control over the Vehicle. Specifically, the trial court determined that Defendant took care of Swiatek's home and in consideration thereof, Swiatek purchased the Vehicle for her. (Order, 6/21/2018, at 4-5; Conclusions of Law (C.O.L.) at Nos. 1-10.)

Having made these conclusions, the trial court determined that Swiatek did not satisfy her rebuttal burden under the Former Forfeiture Act and failed to demonstrate that she was the legal owner of the Vehicle. As such, the trial court concluded that Swiatek could not assert an "innocent owner" defense and that the burden of proof never shifted back to the Commonwealth to disprove the defense. *Id.*

On appeal to this Court,[5,6] Swiatek argues that the trial court erred in finding that she was not the actual and true owner of the Vehicle because Swiatek exercised dominion and control over it and only provided Defendant with permission to use the Vehicle. We disagree.

As an initial matter, there is no dispute that the Commonwealth established that there was a substantial nexus between the controlled substance and

---

[5] Approximately nine months after the trial court entered its order granting the Commonwealth's forfeiture petition, Swiatek filed a notice of appeal to this Court on March 29, 2019. Due to procedural irregularities and mishaps that are not relevant for purposes of this appeal, in an order dated October 4, 2019, this Court concluded that an administrative breakdown caused the delay in filing the notice of appeal and granted Swiatek permission to appeal *nunc pro tunc*.

[6] In an appeal from a forfeiture proceeding, this Court reviews whether findings of fact made by the trial court are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. $11,600.00 Cash, U.S. Currency,* 858 A.2d 160, 163 n.3 (Pa. Cmwlth. 2004).

5

the Vehicle. Hence, the burden of proof shifted to Swiatek to prove that she was "the owner of [the] property," here, the Vehicle. *Former* 42 Pa.C.S. §6802(j)(1); *see also Commonwealth v. $301,360.00 U.S. Currency,* 182 A.3d 1091, 1097 (Pa. Cmwlth. 2018) (en banc).[7] To establish ownership under the Former Forfeiture Act, a petitioner "must have a possessory interest in the property with attendant characteristics of dominion and control." *Shapley v. Commonwealth*, 615 A.2d 827, 829 (Pa. Cmwlth. 1992). Notably, title and registration of a vehicle, while relevant to the issue of ownership, are not sufficient by themselves to prove ownership under the Former Forfeiture Act. *Strand v. Chester Police Department*, 687 A.2d 872, 876 (Pa. Cmwlth. 1997); *In re One 1988 Toyota Corolla*, 675 A.2d 1290, 1296 (Pa. Cmwlth. 1996).

In *Commonwealth v. One 1988 Suzuki Samurai*, 589 A.2d 770 (Pa. Cmwlth. 1991), this Court held that an individual holding registration and title to a vehicle was not the owner of the vehicle under the Former Forfeiture Act. There, the evidence showed that the individual, a mother, bought the vehicle as a gift for her daughter; the daughter picked out the vehicle's features, including color, transmission type, and accessories; and the mother had no significant contact with the vehicle after the purchase. On these facts, we concluded that the daughter was the legal owner of the vehicle, even though the vehicle was registered in the mother's name and the mother possessed title to the vehicle.

---

[7] In the event a petitioner can prove that he or she "is the owner of the property," *former* 42 Pa.C.S. §6802(j)(1), and "lawfully acquired the property," *former* 42 Pa.C.S. §6802(j)(2), the petitioner can demonstrate that he or she is an "innocent owner" by proving that "the property was unlawfully used or possessed by [another] person," and "the unlawful use or possession was without his [or her] knowledge or consent." *Former* 42 Pa.C.S. §6802(j)(3).

In its opinion, the trial court offered the following rationale in support of its decision, stating that it

> concluded that Swiatek's daughter, [Defendant], was the "legal owner" of the [Vehicle]. The testimony presented indicated that Swiatek was an "over the road" truck driver who was not home for meaningful stretches of time. [Defendant] took care of her mother's home and in consideration thereof, Swiatek purchased the [Vehicle] for her. [Defendant] was the primary user of the [Vehicle].

> Additionally, there was an incident that occurred . . . in April 2016 involving that same vehicle. In that incident, Swiatek admitted to Officer [] Helmer that she purchased [the Vehicle] for [Defendant], despite holding title to [the Vehicle].

> Further, the facts established that [Defendant] was exercising dominion and control over the [V]ehicle on the date she was arrested and found in possession of 38.2 grams of methamphetamine . . . .

> [T]he Commonwealth's evidence established the fact that [Defendant], and not Swiatek, was the true "legal owner" of the [] [V]ehicle . . . .

(Trial court op. at 6.)

Upon review, we conclude that this case falls within the rubric of our holding in *One 1988 Suzuki Samurai*. Throughout her brief, Swiatek attempts to distinguish *One 1988 Suzuki Samurai* on the basis that, unlike the evidence in that case, here there was no evidence that Defendant picked the type and make of the Vehicle or that Swiatek did not have substantial contact with the Vehicle following its purchase. We are not persuaded.

In *One 1988 Suzuki Samurai*, the predominate factor sustaining forfeiture was the fact that the mother purchased the vehicle as a gift for her daughter. Similarly, here, the facts as found by the trial court demonstrate that Swiatek

7

purchased the Vehicle for Defendant in exchange for Defendant's services with respect to Swiatek's house. Because the transaction in this case was contractual in nature, being a bargained for exchange that was supported by consideration, the trial court could reasonably infer that Defendant was the legal owner of the Vehicle unconditionally and without qualification. Moreover, Swiatek was often away from home for lengthy periods of time; Defendant operated the Vehicle on a routine basis and was its primary user; and Swiatek was the registered owner of a Mitsubishi vehicle. From these facts, the trial court could reasonably infer, akin to the situation in *One 1988 Suzuki Samurai*, that Swiatek did not use or rely upon the Vehicle in any meaningful manner. This inference, when combined with the other credible evidence of record, supports the trial court's finding that Defendant exercised domain and control over the Vehicle. Therefore, we conclude that the trial court did not err in finding that Defendant was the legal owner of the Vehicle for purposes of the Former Forfeiture Act.[8]

In her brief, Swiatek stresses her testimony that she was the owner of the Vehicle, assumed responsibility for its maintenance, and had total control as to when or if Defendant could drive it. Swiatek also highlights what she perceives to be weaknesses in the Commonwealth's proof and contests the reliability of Officer Helmer's 2016 call summary report. However, in a forfeiture case where, as here, a court of common pleas conducts a bench trial, the court is the fact-finder and has the sole power to weigh the evidence, make credibility determinations, and draw any

---

[8] Because the trial court correctly concluded that Swiatek failed to establish that she was the legal owner of the Vehicle, the trial court was also correct in concluding that there was no need for it to delve into the issue of whether Swiatek was an "innocent owner." *See supra* note 7; *cf. Shapley v. Commonwealth*, 615 A.2d 827, 829 (Pa. Cmwlth. 1992) (concluding that where the trial court properly determined that the defendant, and not the appellant, was the legal owner of the vehicle, the trial court did not err in ordering forfeiture despite the appellant's claim that he was the owner).

8

reasonable inferences from the evidence. *Commonwealth v. $9,000.00 U.S. Currency,* 8 A.3d 379, 383 n.6 (Pa. Cmwlth. 2010). As an appellate court, we will overturn a trial court's credibility and/or weight determination "if it is arbitrary and capricious," *Casne v. Workers' Compensation Appeal Board (STAT Couriers, Inc.)*, 962 A.2d 14, 19 (Pa. Cmwlth. 2008), or upon "a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *In re Appeal of the Board of Auditors of McKean Township*, 201 A.3d 252, 261 (Pa. Cmwlth. 2018) (internal citation omitted); *see also Commonwealth v. Williams*, 198 A.3d 1181, 1186 (Pa. Super. 2018). Because Swiatek challenges the trial court's credibility and weight determinations, and has failed to establish that these determinations were made in error under the standard enunciated above, we are constrained to conclude that her arguments lack merit.

For these reasons, we conclude that the trial court did not err in determining that the Commonwealth met its burden of proof and in ordering forfeiture of the Vehicle. Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
                               :   No. 738 C.D. 2019
           v.                    :
                               :
2012 Mazda 323 Sedan          :
VIN #JM1BL1VF8C1514566    :
                               :
Appeal of: Irena Swiatek        :

## ***ORDER***

AND NOW, this 30ᵗʰ day of June, 2020, the June 21, 2018 order of the Court of Common Pleas of Carbon County is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge